# CASES

# SUPREME JUDICIAL COURT

### COUNTY OF FRANKLIN, JUNE TERM, 1840.

---

## EZEKIEL PORTER & al. vs. EBENEZER WITHAM & al.

The Court, sitting as a Court of Chancery, will not interfere to prevent or re-
move a private nuisance, unless the complainant has long and without inter-
ruption enjoyed a right, which has been recently injured, or which is in
danger of being injured or destroyed; or unless the right has been estab-
lished by a judicial determination.

Where there is a gradual fall of water, extending over lands owned by differ-
ent persons, merely sufficient to allow of one mill-dam; and where the dif-
ferent owners, recently and about the same time proceeded to erect separate
dams upon their own land, and the lower dam renders the upper one use-
less; the Court, acting as a Court of Equity, will not restrain the proprie-
tors of the lower dam by injunction from completing it, or interfere to abate
it as a nuisance, before the rights of the parties are determined at law.

THIS is a bill in equity, praying for a writ of injunction, com-
manding the respondents to stay all further proceedings in the
erection of a dam across the *Sandy River*, and to remove the part
erected, as a nuisance. The case will be sufficiently understood
from the statement of facts found in the opinion of the Court.

The arguments of the counsel were chiefly in relation to the
rights of the parties to their respective mill privileges, and their
priority of right to erect mills; but that portion only which is per-
tinent to the question decided by the Court will be noticed.

*F. Allen* and *R. Goodenow*, for the complainants, contended, that to restrain a private nuisance by way of injunction was within the jurisdiction, and one of the appropriate duties of a Court of Equity ; and that this was a case of urgent necessity, requiring the immediate action of the Court. 2 *Story's Eq.* 164, 204, 205, 206 ; *Bemis* v. *Clark,* 11 *Pick.* 452 ; *Bemis* v. *Upham,* 13 *Pick.* 169. The statute for the support and regulation of mills does not afford a remedy. That statute applies to the flowing of land, and not to the flowing and destruction of mill privileges. *Calais* v. *Dyer,* 7 *Greenl.* 155 ; *China* v. *Southwick,* 2 *Fairf.* 341.

*Tenney* and *H. Belcher,* for the respondents, contended, that this was not a case where the Court would interfere by injunction. The rights of the parties should be first settled at law, or should have been long enjoyed without interruption, before the Court will restrain a party from erecting dams or mills upon his own land. *Van Bergen* v. *Van Bergen,* 2 *Johns. Ch. R.* 272 ; *Same Parties,* 3 *Johns. Ch. R.* 282 ; *Gardner* v. *Newburg,* 2 *Johns. Ch. R.* 162 ; *Reed* v. *Gifford,* 6 *Johns. Ch. R.* 19 ; *Case* v. *Haight,* 3 *Wend.* 632 ; *Newburgh T. Com.* v. *Miller,* 5 *Johns. Ch. R.* 101 ; *Corning* v. *Lowerre,* 6 *Johns. Ch. R.* 439 ; *City of New-York* v. *Mapes,* 6 *Johns. Ch. R.* 46 ; *Lansing* v. *N. R. S. Com.* 7 *Johns. Ch. R.* 162 ; *Belknap* v. *Belknap,* 2 *Johns. Ch. R.* 463.

The opinion of the Court, was prepared by

SHEPLEY J. — It appears from the bill, answer and proof, that there is a place in the *Sandy River,* in the town of *Strong,* called the rocky reach, where there may be a mill site, but the fall of the water is not sufficient to allow of more than one. It is gradual, and extends some distance in the river over the lands owned by both these parties. No mill or dam was in existence there in the spring of the year 1838. Early in that season, the defendants appear to have contemplated building one, and on the 28th of *June* they commenced digging in the bank, and soon laid the foundation of a dam, which they have since completed ; and they now use the water power to propel a grain-mill, which has also been erected there. The plaintiffs, owning land on one bank of the river,

only, above them, appear to have contemplated building mills in *Avon*, until about the time when they purchased a tract of land, which had been previously bargained to the defendants, on the other bank of the river; and then to have altered their minds and determined to build a dam about one hundred rods above the dam of the defendants. They soon after commenced and have built a dam there, which is flowed and rendered useless by that of the defendants. The plaintiffs allege, that the defendants did not first commence, and if they did, that they did not thereby acquire either at common law, or by the statute respecting mills, a right to flow their dam and injure them. The defendants claim to be the first occupants, and contend, that they thereby acquired both at common law and by the statute a right to flow, subject only to the payment of such damages, if any, as they may have occasioned.

The bill asks for an injunction against such flowing by the defendants, and that their dam may be abated as a nuisance. If the plaintiffs are not entitled to the exercise of this extraordinary chancery power of the Court, upon their own exhibit of their case, it will not be necessary to decide any other questions.

The Court will interfere by injunction, where the party has long and without interruption enjoyed a right, which has been recently injured, or which is in danger of being injured or destroyed; and when if it has not been established by long usage, it has been by a judicial decision. But it is not ordinarily to determine the right in the first instance, that chancery hears the case, and then, if found to be established, exercises its extraordinary power to protect it. Where the thing already exists, it should be decided in a trial at law to be a nuisance before chancery interferes to abate it. Where it is about to be brought into existence, the Court in a proper case may interpose to prevent it. There can be no doubt, that it would be unjust to destroy property or the use of it before it has been determined by a judicial decision or by lapse of time, that the owner can have no such right as he claims and enjoys. Nor is it proper, that such decision should be made in chancery, for it may be, that in a trial at law to establish the right, the party injured will recover an entire satisfaction, and obtain a full compensation in damages, without calling for the redress of his grievances

by a destruction of the property, or by an imprisonment of the person of his opponent.

In the case of the *Attorney General* v. *Nichols*, 16 *Ves.* 342, the Lord Chancellor says, " cases may exist upon which this Court could not interfere, yet an action upon the case might be well maintained." And in *Gardner* v. *Village of Newburgh*, 2 *Johns. Ch. R.* 164, it is said, " the interference rests on the principles of a clear and certain right of enjoyment of the subject in question, and an injurious interruption of that right." And in the case of the *Attorney General* v. *Utica Ins. Co. ib.* 379, that " the *English* Court of Chancery rarely uses this process, except where the right is first established at law, or the exigency of the case renders it indispensable." In *Van Bergen* v. *Van Bergen*, 3 *Johns. Ch. R.* 287, the Chancellor says, " the cases in which chancery has interfered by injunction to prevent or remove a private nuisance, are those in which the nuisance has been erected to the prejudice or annoyance of a right, which the other party had long previously enjoyed. It must be a strong and mischievous case of pressing necessity, or the right must have been previously established at law to call to his aid the jurisdiction of this Court." In *Reid* v. *Gifford*, 6 *Johns. Ch. R.* 19, where the plaintiff had been in possession of mills twenty years, and the defendant for more than three years before the filing of the bill had diverted the water, an injunction was denied on the ground, that the rights ought to be first settled at law. In the case of *Bemis* v. *Upham*, 13 *Pick.* 169, the bill alleged, that the dam had been determined by a judgment at law to be a nuisance.

In this case the plaintiffs have neither established their rights at law, nor secured them by long and uninterrupted enjoyment. It does not appear that they may not, if they have merits, obtain a full recompense in a single suit for all their injuries. And in such a case, the Court is neither called upon, nor permitted to grant an injunction, or process of abatement.

*Bill dismissed, with costs for defendants.*