# Brown *et al. versus* Powell.

A turnpike or plank-road company, or their contractors or agents, who enter upon the lands of a person, for the purpose of constructing their road, without having the damages previously assessed, tendered, or paid, or secured in the mode provided by the Acts of Assembly regulating such companies, are trespassers, and may be sued as such.

A tenant for years is an owner within the meaning of the Act, and is entitled to compensation according to his interest.

Where the company, their agents or contractors, fail to comply with the provisions of the Acts in regard to damages, the owner or tenant may waive the *tort*, and proceed to have his damages assessed according to the Act, or bring trespass at his election.

A license from the owner of the fee, given after the date of the lease, would afford no justification for invading the possession of the tenant.

ERROR to the Common Pleas of *Erie county*.

The action was trespass *quare clausum fregit*. The plaintiff occupied the *locus in quo* as the tenant of James M. Sterrett.

The defendants justified on the ground that they were the contractors of the "Erie and Wattsburg Plank-Road Company," which was incorporated by the Act of 27th February, 1849; and also set up a license to said company by Sterrett, the owner of the fee.

The defendants contended that the company had the right, and having it might delegate it to its contractors, to enter upon the land for the purpose of constructing the road, previous to the assessment or payment of damages; and that the only remedy of

[Brown *v.* Powell.]

the plaintiff was to proceed under the Act for the assessment of damages. The plaintiff insisted that neither the company nor its contractors could enter upon the land until the plaintiff was paid his damages, and having done so, they became trespassers, and this action could be maintained.

The Court instructed the jury, that the defendants, not having paid the plaintiff his damages before entering upon the land, became trespassers, and this suit could be maintained.

*Walker,* for plaintiff in error.—The plaintiff, for the recovery of damages, must resort to the mode pointed out by the Act. See Acts 26th January, 1849; 7th April, 1849; 14th May, 1850. The Act must be pursued in exclusion of the common law remedy: Act 21st March, 1806; 8 *Harris* 94; 10 *Id.* 29; 2 *Id.* 65; 1 *Barr* 308; 20 *Johns. Rep.* 735; 18 *Wend.* 17.

The plaintiff's land is not taken; he was but a lessee; the company had a release from the owner. His damages are only consequential: 6 *Whart.* 25; 6 *W. & Ser.* 114; 8 *Harris* 93–4; 10 *Id.* 29.

*Thompson,* for defendant in error, the Court declined to hear. On the paper-book were referred to: 8 *W. & Ser.* 460; 4 *T. Rep.* 794; 2 *Barn. & Cress.* 703; 5 *Harris* 65; 1 *Barr* 308; 10 *Harris* 29.

The opinion of the Court was delivered by

LEWIS, C. J.—The Act of 26th January, 1849, regulating turnpike and plank-road companies, contained no provision for compensating the owners whose lands were taken for the bed of the road; but the supplement of the 7th of April following made provision for the recovery of damages for this injury, to be assessed in the manner prescribed in the 9th section of the original Act. By that section it is made the duty of the corporation to give notice of their intentions, to endeavour to agree with the occupiers upon the damages, or upon men to assess them; or if either party, upon due notice, refuses to join in the choice of men for that purpose, then a justice of the peace of the county where the lands lie, is to choose them. But the property is not to be taken, until the assessed value be tendered or paid, or adequate security be given to the owners for the payment thereof. In the case before us, the land appears to have been taken without any effort to adjust the compensation, and without any tender or payment of or security given for the same. The corporation and all who acted by their authority, in entering upon and taking possession of the plaintiff's land, were therefore trespassers, and liable to the action of trespass at common law. The supplement was not intended to repeal the provision in the original Act, which declared that no

[Brown *v.* Powell.]

part of it "shall authorize the taking of any property by the company, unless the same be previously paid for, or adequate security given to the owners for the payment thereof." It gives to the owner a right to have the damages assessed in the manner prescribed in the 9th section of the original Act, either before he is deprived of his property or afterwards (if he chooses to waive the trespass). But if he does not choose to waive the wrong arising from an unauthorized entry upon him, he may bring his action for redress at common law. Notwithstanding a slight ambiguity in the supplementary Act, the fair construction of it, when taken in connexion with the proviso in the original Act, already referred to, is that the owner is not to be deprived of his land until the compensation be adjusted and tendered, paid, or secured. The security may be substituted for payment, or tender of payment, where there is an appeal from the assessment, and the company desires to enter before the final decision. A tenant for years is an owner within the meaning of the Act, and is entitled to compensation according to his interest: Turnpike Road *v.* Brosi, 10 *Harris* 29.

There is no evidence on the paper-book of the plaintiff in error tending to show that the corporation had a license to enter granted by the owner of the fee, before he demised to the tenant his term for years. The testimony given by Samuel Low and Timothy Reed, amounts to no more than proof that the company entered upon the rights of the tenant for years, under a license from the landlord. This was clearly a trespass. It is not necessary, under the evidence stated on the paper-book, to consider what the law would be if the license had been granted before the lease, and the tenant contracted and entered without notice of it.

On a careful consideration of the errors assigned, we see nothing to justify a reversal of the judgment.

Judgment affirmed.

claiming damages for the breach of the contract, and the jury rendered a verdict in his favour for $217.27. This verdict was set aside by the Court, and a new trial granted; and, on the second trial, the plaintiff recovered a verdict for $20. Upon which he sued out a writ of error, and the judgment was affirmed and the record remitted. The plaintiff's costs having been taxed in the case by the prothonotary, the defendant appealed from said taxation to the Court of Common Pleas, and the Court struck out all of plaintiff's costs prior to the term at which the amendment of the *narr.* was made, and allowed him those which accrued subsequent to the time of the amendment filed. To this ruling of the Court the plaintiff excepted, and sued out this writ, and assigned for error the refusal of the Court below to allow him full costs.