DAVID K. WALKER, plaintiff in error, *vs.* PETER WALKER *et al.*, defendants in error.

The discretion of the chancellor granting an injunction to restrain the defendant from disturbing the complainants in the possession of a farm which they claimed to have rented from him, will not be interfered with where the defendant is shown to be insolvent.

Walker *vs.* Walker *et al.*

Injunction.    Trespass.    Before Judge HALL.    Upson County.    At Chambers.    January 24th, 1874.

Peter Walker and Marlin Brown filed their bill against David K. Walker, making this case: They had been tenants of defendant during the year 1873, and were due him twenty-one bales of cotton for rent.   This had not been paid because it had been held up under process of garnishment, served upon the complainants at the instance of creditors of the defendant. They had rented the same farm from him, known as the Grant place, for the year 1874.   Defendant had nevertheless sought to remove them as tenants holding over, but they had stopped such proceeding by making a counter-affidavit and giving bond as required by law.   He had also levied a distress warrant for the aforesaid rent on twenty-five bales of cotton and four hundred bushels of corn, which they have met as prescribed by law.   He now denies that he ever rented to them the aforesaid place for the year 1874, and is interfering with the rights and privileges of complainants by menaces, threats, etc.   He has driven away the hands of complainants, has locked up some of their houses, and is using every endeavor to drive them off of the place.   If he is permitted to proceed in his lawless course by keeping the hands of complainants from the field, he will subject them to irreparable loss and damage.   He is totally insolvent.   Pray the writ of injunction.

The defendant showed for cause that the complainants had a complete remedy at law; admits that they were his tenants during the year 1873, but denies any contract for the year 1874.

The bill and answer were respectively sustained by numerous and conflicting affidavits.

The chancellor ordered the injunction to issue upon complainants' giving bond and security, conditioned to pay to defendant whatever amount of rent might be recovered against them, provided the issue on the proceeding against them as tenants holding over should be determined in his favor.   To this judgment defendant excepted.

Poe, Hall & Lofton, for plaintiff in error.

E. G. Simmons; Peeples & Howell, for defendants.

Warner, Chief Justice.

This was a bill filed by the complainants against the defendant, praying for an injunction to restrain him from disturbing them in the possession of certain rented premises, which the complainants allege they had rented from the defendant for the year 1874, upon the allegations contained therein, the complainants alleging that the defendant was insolvent. On the hearing of the motion for the injunction before the presiding judge, a number of affidavits were read on each side, which were conflicting as to the merits of the application, and are contained in the record before us. The judge granted the injunction prayed for, and the defendant excepted.

In looking through the various affidavits in the case, and considering the *insolvency* of the defendant, we will not interfere with the discretion of the presiding judge in granting the injunction in this case.

Let the judgment of the court below be affirmed.