E. F. RABAND, Respondent, *v.* JOHN N. FRANK, Appellant.

### April 8, 1879.

An injunction will be granted to restrain the owner and lessor of premises leased for ten years from erecting a building upon a portion of the leased premises in such a way as to seriously impair the lessee's use of the property.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

M. F. TAYLOR, for appellant: There was a perfect remedy at law in this case, as it was but an unlawful entry, as shown upon the face of respondent's own bill. — Wag. Stats. 642, sect. 3 ; *Prewitt* v. *Barnett,* 46 Mo. 372 ; *King* v. *St. Louis Gas-Light Co.,* 34 Mo. 34 ; *Krevet* v. *Meyer,* 24 Mo. 107 ; *Buler* v. *Cardwell,* 29 Mo. 72. Injunction will not lie to restrain a mere trespass, unless the injuries are irreparable and the trespasser insolvent. — *Echelkamp* v. *Schrader,* 45 Mo. 505 ; *Weigel* v. *Walsh,* 45 Mo. 560 ; *Rankin* v. *Charless,* 19 Mo. 490 ; *James* v. *Dixon,* 20 Mo. 79.

GOTTSCHALK, for respondent : " Irreparable mischief." — Story's Eq. Jur., sects. 926, 928, 929 ; *Weigel* v. *Walsh,* 45 Mo. 561 ; *Echelkamp* v. *Schrader,* 45 Mo. 505. " The want of an adequate remedy at law," and " the prevention of a multiplicity of suits." — *Hayden* v. *Tucker,* 37 Mo. 214.

HAYDEN, J., delivered the opinion of the court.

This is a petition in the nature of a bill to enjoin the defendant from erecting a building under the following circumstances : The defendant had leased to the plaintiff, for ten years, part of a house on the corner of Lafayette and Decatur Streets in St. Louis ; also the use of an adjoining yard, well, and water-closet, for a rent reserved. After the plaintiff had been for a considerable time in possession under the lease, the defendant, with a view to building, tore

away a stable in the yard, together with other erections, and proceeded to excavate and lay foundations for a two-story brick building on the site of the stable; but covering also an additional space in such a manner that, as the weight of testimony showed, the result would have been, if the building, according to the foundations laid, had been persisted in, to deprive the plaintiff of the use of a portion of the yard secured to him by the lease, and to otherwise seriously impair his enjoyment of the leased premises. It was to enjoin the defendant on the ground that, as affecting the health and comfort of the plaintiff and his family, the injury would have been irreparable, that the injunction was prayed for. A temporary order was granted, which, after a motion to dissolve, upon which evidence was heard upon the whole case, was made perpetual; and the defendant appeals.

It is contended that there was here but an unlawful entry, and that the remedy at law was adequate. But, in the first place, the defendant had by the terms of this lease the right to remove the stable, provided he furnished a suitable place for the plaintiff's fuel and did not interfere with the plaintiff's rights. It would seem to have been in contemplation of the parties, when the lease was made, that a stable might be erected by the defendant on the site of the old one; but the defendant attempted to occupy not only that site, but a much larger space in the yard of which the plaintiff had the use, thereby not only depriving the plaintiff of the use of the yard as secured to him, but, by the erection of a building which was intended to be a dwelling-house, depriving the plaintiff to a considerable extent of light and air in the premises which he had rented. The lease was for ten years, and at the time this suit was begun, over six years of the term remained.

That an injunction will not be granted to restrain the commission of an ordinary trespass, when the injury can be compensated by damages, is true. If the trespass is temporary, and the plaintiff can, without repeated suits, obtain

compensation from a solvent party, there is no occasion for equity to interpose. It is when a trespass becomes something more than a mere trespass, and assumes the character of a deprivation of the plaintiff's estate, or such a permanent injury to it as seriously impairs its value as a whole, that equity assumes jurisdiction ; since here, though the legal remedy exists, it affords no adequate compensation for the continuing injury. The injury in such cases may properly be said to be irreparable, as it extends indefinitely into the future, and adequate damages becomes a matter of remote speculation. The leading case upon this subject is *Jerome* v. *Ross*, 7 Johns. Ch. 330. See *Weigel* v. *Walsh*, 45 Mo. 560; *Echelkamp* v. *Schrader*, 45 Mo. 505; *James* v. *Dixon*, 20 Mo. 79; *Rankin* v. *Charless*, 19 Mo. 490; *Shiner* v. *Morris, etc. Co.*, 27 N. J. Eq. 364; *Minnig's Appeal*, 82 Pa. St. 373; *Clark* v. *Railroad Co.*, 44 Ind. 248.

It is urged that, as in the present case the plaintiff did not own, but merely leased, the premises, the necessary permanence did not exist. But the mere fact that the estate of the complainant is a leasehold cannot deprive him of relief to which he would otherwise be entitled. Here the unexpired portion of the term was sufficient to bring the case within the principles which have been laid down, and it is upon conformity to those principles, not upon any arbitrary rule as to the character of the estate, that the question of equitable relief depends. The judgment of the court below is affirmed. All the judges concur.