ENOS CLARKE ET AL., Appellants, *v.* DON C. THATCHER,
Respondent.

### January 18, 1881.

1. A tenant from month to month has not such an interest in the premises as will enable him to maintain a bill in equity to restrain a nuisance injurious to his possession.

2. An allegation, in such a bill, that the plaintiff is "tenant and occupier," without stating the nature and duration of the tenancy, is an averment of a tenancy from month to month.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

CLARKE & DILLON, for the appellants, cited: 3 Bla. Comm. 220, 221; *Knox* v. *Mayor*, 55 Barb. 404; *Delaney* v. *Blizzard*, 7 Hun, 7; *Walker* v. *Walker*, 51 Ga. 22; *Raband* v. *Frank*, 7 Mo. App. 64; *Hayden* v. *Tucker*, 37 Mo. 214.

E. McGINNIS, for the respondent: In cities, towns, etc., all tenancies are from month to month, unless there is a written contract, duly signed. Rev. Stats., sect. 3078. A tenancy from year to year is not a continuing tenancy, but recommences every year. The same principle applies to tenancies from month to month. —*Tomkins* v. *Lawrance*, 8 Car. & P. 729; *Gandy* v. *Jubber*, 5 Best & S. 78. Injunction to restrain an alleged nuisance is granted only in special cases, for which the common law has no adequate remedy, and where the right to be protected is a permanent one. — Hill. on Inj. (3d ed.) 328, 329; *Raband* v. *Frank*, 7 Mo. App. 64–66.

THOMPSON, J., delivered the opinion of the court.

Briefly stated, the petition in this case sets forth, as a cause of action, that the plaintiffs "are, and for a long time have been, tenants and occupiers" of a certain room in a building in the city of St. Louis, as a law office; that the defendant occupies the lower portion of said building, and also

an adjoining building; and that the defendant has erected on his premises certain cooking arrangements and kitchens, which emit a stench injurious to the health and possession of the plaintiffs. The petition prays for two kinds of relief: damages for the injury complained of, and an injunction against the further continuance of the alleged nuisance. No objection was taken to the blending together, in a single count, of a demand for damages and a prayer for an injunction; but the answer was simply a general denial. At the trial the defendant demanded a jury, which demand the court overruled. As the plaintiffs did not assent to this demand, or except to the ruling of the court denying it, they stand in the position of having elected to treat the suit, not as an action at law for damages, but as a suit in equity for an injunction. *Wynn v. Cory*, 43 Mo. 301.

The plaintiffs then offered evidence in support of the petition. To this the defendant objected, on the ground that the petition did not state any cause of action, and especially that it did not state sufficient ground for equitable relief. This objection the court sustained, and dismissed the suit at the cost of the plaintiffs.

The petition states that the plaintiffs are " tenants and occupiers," but it does not state the nature or duration of their tenancy. Under our statute (Rev. Stats., sect. 3078) all tenancies are to be taken to be tenancies from month to month, unless there is a written contract to the contrary. Taking the pleading most strongly against the pleader, we must presume that such was the nature of their tenancy; and the question is therefore narrowed down to this: whether a tenant from month to month can maintain a suit for an injunction to restrain a nuisance injurious to his possession. We are of opinion that he cannot. No case has been cited to us which so holds, and we have been unable to find any. Cases have been cited to us where such relief has been granted to tenants for a term of years. *Knox v. Mayor*, 55 Barb. 404 ; *Delaney v. Blizzard*, 7 Hun, 7 ; *Raband v. Frank*, 7 Mo. App. 64. One case is found where such

relief was granted to a tenant for a single year ( *Walker* v.
*Walker*, 51 Ga. 22) ; and in another case a tenant for a term
of years was held entitled to such relief where his term had
expired since the filing of the bill, it appearing that he had
a right of renewal. *Gale* v. *Abbott*, 8 Jur. (N. S.) 987.
Such relief was denied by the lords justices, overruling
on this point the Master of the Rolls, where the plaintiff
was a tenant from year to year, and eight months of his
term were yet to expire, but on the ground that the damage
to the defendant would be disproportioned to the benefit to
the plaintiff. *Jacomb* v. *Knight*, 32 L. J. Ch. 601.

A tenancy from month to month is not a continuing right
of possession ; but, as in case of a tenancy from year to
year, it is taken to end and recommence at the expiration
of every month. *Tomkins* v. *Lawrance*, 8 Car. & P. 729 ;
*Gandy* v. *Jubber*, 5 Best & S. 78. An injunction to re-
strain a nuisance is granted only where the right to be pro-
tected is a permanent one, or where its enjoyment has been
of long duration. *Van Bergen* v. *Van Bergen*, 3 Johns.
Ch. 282 ; *Porter* v. *Witham*, 17 Me. 292 ; *Jordan* v. *Wood-
ward*, 38 Me. 423. The interest of a tenant from month
to month is not such a right, although he may, as is alleged
in this petition, have long been in the enjoyment of the
premises by such a tenure.

The court below, therefore, committed no error in refus-
ing to receive the evidence and in dismissing the suit, and
the judgment is affirmed. The other judges concur.