STRAUSS, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1903.

Pleadings: WAIVER OF FORMAL DEFECTS BY ANSWER. Where a defendant, after the overruling of his demurrer, files answer, pleading to the merits, he thereby waives all objections to mere formal defects in the petition, and everything excepting, first, that it fails to state facts sufficient to constitute a cause of action, and, secondly, objections to the jurisdiction of the court over the subject-matter of the action.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1)    To constitute the relation of carrier and passenger there must always be an offer and request to be carried on one side and an acceptance on the other. Schepers v. Railroad, 126 Mo. 665; Schaefer v. Railroad, 128 Mo. 71; Duff v. Railroad, 91 Pa. St. 458; 2 Shear. & Redf. on Neg. (4 Ed.), sec. 488; Patterson's Railway Accident Law, secs. 210-214.    (2)    In an action against a railroad company to recover for wrongs sustained by

the plaintiff in his character as a passenger, that relationship between the plaintiff and the carrier must be set up. Lampkin v. Railroad, 106 Ala. 287; Railroad v. Friedman, 146 Ill. 585; Railroad v. Willoeby, 134 Ind. 563; Breese v. Railroad, 52 N. J. L. 250; Connely v. Railroad, 109 N. C. 692. (3) The evidence must be based upon, and in support of, the allegations of the petition. McGuire v. DeFrese, 77 Mo. App. 683; Obert v. Dunn, 140 Mo. 476; Christian v. Ins. Co., 143 Mo. 460; Chitty v. Railroad, 148 Mo. 64; Goble v. Kansas City, 148 Mo. 470; Moore v. Railroad, 75 S. W. 672.

*A. R. Taylor* for respondent.

#### STATEMENT.

In view of the conclusion reached in this cause, we deem it best to exhibit the pleadings intact. Plaintiff's cause of action was thus set forth:

"The plaintiff states the defendant is and at the time herein stated was a corporation by virtue of the law of Missouri and used and operated the railway and car herein mentioned for the purpose of carrying passengers for hire from one point to another as a public carrier of passengers. That on the evening of June 18, 1902, the defendant, by its servants in charge of its car, stopped its car at Broadway and Catlin streets, in the city of St. Louis, for the purpose of receiving passengers on said car, and as the plaintiff at such invitation was proceeding to get upon said car as a passenger whilst stopped or slowly moving, defendant's conductor in charge of said car violently, wickedly, willfully and maliciously assaulted the plaintiff, kicked him in the breast and on the body, causing him to be thrown and fall from said car and sustain a compound and comminuted fracture of his right arm and dislocation of the elbow, and other injuries and bruises on his body. And plaintiff avers that his said injuries and said assault

were without any provocation or justification, whilst he was a passenger on said car and the step thereof. That by said injuries the plaintiff has suffered and will suffer great pain of body and mind, has been permanently disabled from labor, and has lost and will lose the earnings of his labor. Has incurred and will incur large expenses for medicines, medical and surgical attention, and nursing, to his actual damages in the sum of ten thousand dollars—and as said injuries were wrongfully, willfully and maliciously inflicted, the plaintiff claims ten thousand dollars by way of punishment for said wrongful acts. The plaintiff prays judgment in the total sum of twenty thousand dollars.''

To this complaint defendant filed the demurrer following:

''Comes now the defendant and demurs to the petition of plaintiff filed in this cause, for the grounds of objection following, to-wit:

''1. Because said petition does not state facts sufficient to constitute a cause of action.

''2. Because said petition does not show or allege that the alleged assault was made by the conductor whilst engaged in the performance of any duty for the defendant, but does allege that the act complained of was the personal act of the conductor, done of his personal malice, and no ratification by the defendant is pleaded.''

Which demurrer the court overruled and defendant filed an amended answer thus:

''Comes now the defendant, and, leave of court therefor having been first had and obtained, files this its first amended answer to plaintiff's petition.

''Defendant, for first amended answer to plaintiff's petition, denies each and every allegation therein contained.

''For further answer and defense, defendant says, that the car which plaintiff attempted to board was, at the time and place alleged in the petition, in charge of

defendant's conductor, one Joseph Jezeck; that said Joseph Jezeck had for several weeks prior to said date been continuously in charge of said car on defendant's Broadway line, and during that time, had regularly passed the point where plaintiff attempted to board said car; that on two or three several occasions prior to the said eighteenth day of June, 1902, said Jezeck, while in charge of said car, had been threatened with assault, and had been assaulted by plaintiff, at or near Horn's Grove or Mannion's Park, on defendant's said line, and on one occasion a week or two prior to this occurrence, plaintiff attempted to assault said conductor with a dangerous knife, and at another time, and within about one week prior to June 18, 1902, plaintiff assaulted said conductor by throwing a rock and striking said conductor therewith on the breast.

"That on said eighteenth day of June, 1902, when defendant's car in charge of said Jezeck as conductor thereof, had arrived at or near said Mannion's Park, plaintiff attempted to board the same and approach the platform thereof in a manner threatening to said conductor, who was at that time on the said platform of said car.

"That said conductor, by reason of the previous assault on him made by plaintiff, and by reason of the ill feeling cherished against him by plaintiff, and by reason further, of the angry and threatening manner of plaintiff in approaching said car, believed that plaintiff was then about to make an assault upon him and do him great bodily harm and injury, and, so believing, and out of regard for his own personal safety, said conductor put his foot forward over the platform of said car and against plaintiff, and thereby prevented him from boarding said car and making upon said Joseph Jezeck the then apprehended assault, and for said purpose no more force than was reasonably necessary to accomplish that end."

The reply was a general denial.

A jury trial resulted in a verdict in behalf of plaintiff for substantial sums as actual and punitive damages, and an appeal was taken to this court.

REYBURN, J. (after stating the facts as above).— No bill of exceptions was filed in this case which is before this court upon the naked record, and restricting consideration or review to questions arising on the face of the record; if material error appear patent on the face of the record, the judgment should be reversed, even in absence of a motion for new trial or in arrest, but not otherwise. Appellant's counsel has argued at length the propositions comprehended in the demurrer to the petition, but the first ground of objection only can be considered in the condition in which this controversy has arrived in this court. By pleading to the merits and filing an answer, the defendant's attitude is not unlike its position would be if it had withdrawn its demurrer; the demurrer admitting the allegations of the petition, and the answer to the merits denying them, are illogical, contradictory of and opposed to each other and can not stand together. If the appellant relied upon the infirmities in the petition arrayed in its demurrer, it was compelled to stand upon its demurrer, and not to proceed to a trial of the issues of fact, and it can not be permitted to speculate by trial of those issues, and now return to and restore its demurrer, but must be held to have waived and abandoned it. Pickering v. Telegraph Co., 47 Mo. 457; Scoville v. Glasner, 79 Mo. 449; Estes v. Shoe Co., 155 Mo. 577.

The rule is firmly settled in this State that when a defendant pleads to the merits, he thereby waives all objections to mere formal defects, and everything in the petition, excepting first, that the petition fails to state facts sufficient to constitute a cause of action; and secondly, the objection to the jurisdiction of the court over the subject-matter of the action. R. S. 1899, sec. 602; Seckinger v. Mfg. Co., 129 Mo. 590; Paddock v. Somes, 102

Mo. 226; Childs v. Railroad, 117 Mo. 414. Considered most favorably for defendant, the petition states a cause of action and any defects therein are cured by the verdict. R. S. 1899, sec. 629. In this situation the judgment must be affirmed. *Bland, P. J.*, and *Goode, J.*, concur.