## Hommell v. West Brownsville Borough.

Before Brownson, P. J., and Cummins, J.

*C. L. V. Acheson* and *Adolph L. Zeman,* for plaintiffs.

*Eugene C. Sloan,* for defendant.

CUMMINS, J., Jan. 28, 1929.—A proceeding by view was instituted to assess damages and benefits resulting from a change of grade on Watt and Williams Streets, in defendant borough, resulting from the construction of an improved highway through said municipality by the County of Washington, pursuant to an agreement entered into between said county and borough under the provisions of the Act of May 11, 1911, P. L. 244, and its supplement of May 24, 1917, P. L. 291.

The case is now before the court upon defendant's exceptions to the viewers' award to plaintiffs. Only questions of law appearing on the face of the

record are ordinarily raised by exceptions. Where questions of fact are in dispute, an appeal is the proper remedy. The first exception raises a question of fact alone. This is likewise true of the latter part of the second exception. With reference further to the second exception filed, we call attention to the fact that the defendant borough would be liable in an action by view for the change of grade, whether the proper corporate action authorizing it had first been taken or not: Brown et al. *v.* Powell, 25 Pa. 229; Deer *v.* Borough, 220 Pa. 307, 311; Pittsburgh *v.* Goshorn, 230 Pa. 212, 220. As counsel for defendant, upon oral argument, stated that he did not desire to press the first two exceptions, we shall, therefore, not discuss them further.

The third exception is "that any resolution, ordinance or contract enacted or entered into for said purpose would be illegal and void, for the reason that it would impose an obligation or debt upon the defendant borough in excess of the limitation placed upon such borough by the Constitution of the Commonwealth of Pennsylvania."

What the status of the defendant borough's indebtedness is with reference to the constitutional limitation mentioned is, of course, a question of fact, but for the purpose of a proper consideration of the question of law involved in this exception, we assume that the borough indebtedness is in excess of the constitutional limitation. If so, its contract with the county might be illegal, but plaintiffs were not parties to this contract.

It has been repeatedly held in other jurisdictions that a municipality cannot escape liability for an obligation arising *ex delicto* on the ground that its indebtedness already exceeded the constitutional limit: McCracken *v.* San Francisco, 16 Cal. 591; Chicago *v.* Sexton (Ill.), 2 N. E. Repr. 263; Bloomington *v.* Perdue, 99 Ill. 329; Lorence *v.* Bean (Wash.), 50 Pac. Repr. 582; Fort Dodge Electric Light Co. *v.* Fort Dodge (Iowa), 89 N. W. Repr. 7; Rice *v,.* Des Moines, 40 Iowa, 638; Bartle *v.* Des Moines, 38 Iowa, 414; Conner *v.* Nevada (Mo.), 86 S. W. Repr. 256; Morris *v.* Sheridan (Ore.), 167 Pac. Repr. 593; Dallas *v.* Miller (Texas), 27 S. W. Repr. 498.

Thus it has been held that where damages result from negligent street construction (Bartle *v.* DesMoines, *supra*), or from a change of grade (Cook *v.* Ansonia, 66 Conn. 413, 34 A. 183; Smith *v.* St. Joseph (Mo.), 27 S. W. Repr. 344), an indebtedness in excess of the constitutional limitation is no defense. Such excess indebtedness likewise cannot be successfully interposed by a municipality to avoid an order directing the construction of a sewage-disposal plant: McCarthy *v.* Kelso (Wash.), 223 Pac. Repr. 151.

We know of no authority in point in this State, and none has been called to our attention by counsel. On principle, however, we are satisfied that the conclusion reached in the authorities above cited is the correct one. The constitutional provision in question was to incapacitate municipalities from increasing their indebtedness beyond a certain limit, but not for the purpose of absolving them from liability for their wrongful acts. The taking of or injury to land under the power of eminent domain is a tort. Between the defendant borough and the county there was a contract, but between the defendant and these plaintiffs no contractual relationship. The borough could have been restrained from entering into its contract with the county, but it cannot be excused from liability for its tort resulting from such contract, for the plaintiffs were not parties to this contract. The defendant borough cannot plead or interpose as a defense its own wrong.

And now, Jan. 28, 1929, exceptions to viewers' report dismissed, at defendant's cost.

From Harry D. Hamilton, Washington, Pa.