JOSEPH T. TATE, RESPONDENT, v. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT.—49 S. W. (2d) 282.

Kansas City Court of Appeals. May 2, 1932.

*James Booth* for respondent.

*John W. Mather* and *Jean Paul Bradshaw* for appellant.

BLAND, J.—This is an action for damages brought on account of the appropriation of certain land, in respect to which plaintiff was a tenant at will, by the State Highway Commission, for a public highway. There was a verdict and judgment in favor of plaintiff in the sum of $500 and defendant has appealed.

The sole point raised by the defendant is that the petition fails to state a cause of action. There was no demurrer to the petition in the trial court, but of course, the point that the petition does not state a cause of action may be raised at any time. [Strauss v. St. Louis Transit Co., 102 Mo. App. 644, 648.]

The petition alleges that the plaintiff was in the peaceful possession of certain lands in Gasconade county as a tenant at will:

"That at all of said times there was situated on said real estate a valuable egg-shaped flint clay mine, 100 feet across from east to west and seventy-five feet across from north to south.

"That said clay consisted of more than ten thousand tons of highly valuable quality and extended to a depth of more than fifty-two feet below the surface.

"That at all of said times plaintiff was engaged in the operation mining, removing and selling said clay from said mine as such tenant at will and with the knowledge and consent of said L. M. Nicks, E. E. Nicks, Eunice Nicks and Mrs. E. E. Nicks (the owners), under a contract by which plaintiff was to pay them a royalty of eight cents per ton for all said fire clay removed from said premises by plaintiff.

That included in plaintiff's said possession was the said mine and additional ground used by plaintiff necessary roadway to and from said mine and lands used for erecting and maintaining necessary hoists and apparatus to be used in the proper conduct of said mine.

"That on the —— day of October, 1929, defendant State Highway Commission of Missouri, by its agents, servants and contractor, defendant Gaines Brothers Company, wrongfully, against the will and without the consent of plaintiff entered upon said real estate and converted to their own use a strip of ground eighty feet wide running in an easterly and westerly course across said land and within six feet of said mine and are now engaged in building and constructing and will build and construct a permanent public, state highway along and on said strip about five feet above the natural grade of said land.

"That by said strip said defendants take and appropriate the ground so used by plaintiff for a necessary roadway to and from said mine, the land so used by plaintiff for depositing refuse from said mine and the lands so used by plaintiff for necessary apparatus and hoists to be used by plaintiff as aforesaid.

"That as a direct result of said wrongful acts of defendants the walls of said mine have been and will be caused to crumbel and cave in, and his ability to operate and conduct said mine has been greatly curtailed and impaired.

"That defendants so entered upon said real estate and converted said strip to use for a public purpose, without just compensation and without any compensation at all to plaintiff.

"That by said wrongful acts of defendants plaintiff has been prevented and in the future will be prevented from mining, removing and selling said clay from said land and that if he had not been so prevented he would have realized a profit of three thousand dollars.

"That by reason of the premises plaintiff has been damaged in the sum of three thousand dollars.

"Wherefore the premises considered, plaintiff prays judgment against defendants for the said sum of three thousand dollars with costs, and that said defendants their agents and servants be restrained and enjoined from building and constructing said highway on said strip and from maintaining said highway thereon until plaintiff has been paid just compensation for the taking and appropriation of said property."

It is insisted that plaintiff, being a tenant merely at will, did not possess any interest in the land entitling him to sue under the provisions of section 21, Article 2 of the Constitution of this State,

providing that private property shall not be taken or damaged for public use without just compensation. It is claimed that the interest of a tenant at will is not property, within the meaning of the constitutional provision.

In order to intelligently pass upon this question it is necessary to inquire into the nature of a tenancy at will. Tiffany on Real Property, Vol. 1, sec. 55, p. 140, says:

"The interest of the tenant is not, properly speaking, an estate, but is a mere scintilla of interest, and his relation to the landlord is merely personal. Consequently, the interest of the latter is not a reversion, and no tenure was considered to exist in the case of such a tenancy, even at common law. For the same reason, the tenant cannot assign his interest."

A tenancy at will is terminated by a conveyance or by written lease by the lessor to a third person and is likewise determined by an alienation of the lessee to a third person. [See 1 Tiffany on Real Property, sec. 56, p. 141; 1 Washburn on Real Property, sec. 765, p. 478, sec. 767, p. 479 (6 Ed.); Reckhow v. Schanck, 43 N. Y. 448; Clark v. Thatcher, 9 Mo. App. 436; Corby v. McSpadden, 63 Mo. App. 648, 652, 653.]

As this action is not predicated upon the wrong or trespass upon the land, but upon a constitutional right to compensation for the interference to the use thereof, it is governed by the law relative to condemnations under the provisions of. the Constitution aforesaid. [Webster v. K. C. & So. Ry. Co., 116 Mo. 114, 118; Hickman v. K. C., 120 Mo. 110, 124; State ex rel. v. McKelvey, 301 Mo. 1.]

It is stated that in order for one to be entitled to damages under the condemnation law: "The injury complained of must also be actual, susceptible of proof and capable of being approximately measured, and must not be speculative, remote, prospective or contingent." [City of Winchester v. Ring, 312 Ill. 544, 552.] [See, also, Goldfield Consolidated Water Co. v. P. S. Comm., 236 Fed. 979; Groenendyk v. Fowler, 215 N. W. 718; Lund v. Salt Lake Co., 58 Utah, 546.] When the condemnor appropriates the fee he is substituted, in a sense, for the landlord and, therefore, it is held that it will be considered that the property has been conveyed by the landlord. As before stated, a conveyance by the landlord terminates a tenancy at will. "The termination of the landlord's estate, even though by involuntary alienation under eminent domain proceedings, terminates a tenancy at will." [35 C. J., p. 1128; Lyons v. Rd., 209 Pa. St. 550, 552.] Though not disclosed in the petition the evidence shows that the commission secured the right of way in question from the owners. However, we are not basing our decision on this circumstance. In the following cases it has been held that a tenant at will

1220

had no such interest in the land as is subject to condemnation: Lyons v. Rd., supra; Can. Pac. Ry. Co. v. Mlg. & Elev. Co., 15 Annotated Cases, 709, Ont.

Some light can be thrown upon the question of whether a tenant at will is the owner of property, within the meaning of our constitutional provision requiring that it be condemned if taken for public use, by inquiring, as to what part of the "just compensation," awarded should be allotted to a tenant at will. It is quite apparent from its nature that a tenancy at will is incapable of being the subject-matter of a sale. Therefore, it is questionable whether it has a market value. In the case of Railroad v. Knapp-Stout & Co., 160 Mo. 396, 412 (quoted with approval in the case of St. Louis v. Railroad, 266 Mo. 694, 704, which involved the condemnation of a leasehold interest), the Supreme Court said:

"It is the settled law of this court that the measure of compensation and damages in cases in which only a part of a tract is condemned, as in the case at bar, *is the market value* of the land taken for the right of way, and the damages to the remainder by reason of the railroad running through it, less any benefits that are peculiar to the tract of land arising from the running of the road through it. [Bridge Co. v. Ring, 58 Mo. 491; Railroad v. Waldo, 70 Mo. 629; Railroad v. Story, 96 Mo. 611; Railroad v. Baker, 102 Mo. 553.]

"Injury to business, loss of profits, inconvenience to the owner, damages to personal property or the expense of removing it, are not to be estimated as distinct elements of damages." [Italics ours.]

In 10 R. C. L., p. 137, it is stated:

"In determining the amount of damages to a lessee, the injury to the market value of the property, as in other cases, is ordinarily the test; but the market value of a lease subject to payment of rent is an unsatisfactory test of the value, to a tenant of a leasehold interest. It often is really no test at all, because a lease rarely has any market value. The right of which a tenant is deprived and for which he is entitled to full compensation is the right to remain in undisturbed possession to the end of 'the term; and the loss resulting from a deprivation of this right is what he is entitled to recover."

Whether this statement of the law by R. C. L. would meet with the approval of our Supreme Court, we need not say, for the reason that, even under that rule, we do not think that the plaintiff is entitled to recover any damages in this action, for the reason that there is no way of determining when the term of a tenant at will will be terminated. As is stated by Tiffany, he has "no tenure" but a "mere scintilla of interest."

In support of his contention that a tenancy at will is property, within the meaning of the constitutional provisions, plaintiff cites but one authority, 20 C. J. sec. 194, p. 741, reading as follows:

"Where a leasehold is taken, the measure of damages is the difference between the fair market value of the lessee's interest, that is, the value of the annual use of the premises, before and after the construction of the improvement. This rule is inapplicable to the estate of a tenant at will which is not assignable and therefore is without market value in the usual sense, in such case actual damages are recoverable, to be determined with reference to the facts and circumstances."

Only one case is cited in support of the statement by Corpus Juris to the effect that a tenant at will has such an estate as requires condemnation and that is, Hayes v.'City of Atlanta (Ga. App.), 57 S. E. 1087. An examination of this case discloses that the tenancy at will there in question had been terminated. Therefore, the court said:

"However, where the estate has ended, the uncertainty of its duration no longer exists, and in this case the term is now as certain as if the lease had been valid for a definite period, because it appears in the evidence that the tenancy was actually terminated in the month during which the suit was brought."

Of course, the facts in the case at bar are not like those in the Hayes case.

We have been able to find but one other case where a tenant at will was said to have such an interest as to require condemnation, and that is Sheehan v. City of Fall River, 187 Mass. 356. But the facts in that case show that the tenant had erected and owned a valuable building upon the premises, and it was stipulated that if the tenant "could, in law, suffer any . . . damages, the amount of the damage was $409." In that case the damages were allowed to the tenant for the changing of the grade of a street. It was stipulated that there had been a settlement by the city with the owners of the real estate but, in the settlement, nothing was paid for the injury to plaintiff's property, and that it formed no part of the consideration of the settlement. It was stated in that case, 1. c. 359, 360:

"In the petitioner's case her building was in the nature of fixed property located on the line of the street. It was directly affected by the work done, and no question of remote damages is presented by this branch of the case.

"The settlement made with the landowner did not include her damages, for he asserted no title to the building, which could have

been removed at any time before her estate terminated, and she is not precluded from recovery on the ground that it had become a part of the realty. [See Howard v. Fessenden, 14 Allen, 124, 128.]

"Manifestly then if the respondent's argument is to prevail there may be a very serious and substantial injury done to rights of property in the conduct of such an understanding for which no remedy is provided.

"On principle no sufficient reason appears why the owner of a building of the description, and held under the conditions disclosed by the report, and where it is agreed that substantial damages have been sustained by a change of grade in a public way on which it abuts, should not be treated as between herself and the public as possessing a sufficient interest in real estate to enable her to maintain a petition under the terms of a statute broad enough to include compensation. [Ashly v. Eastern Railroad, 5 Met. 368.] [See also in this connection Currier v. Barker, 2 Gray, 224, 226; McGee v. Salem, 149 Mass. 238, 240.]

"We are of the opinion that the words 'all damages sustained' in the statute under consideration, when applied to a change of grade in an established public way, should be held to cover compensation for injuries caused to a building located on the line of the street, and substantially annexed to the soil, though as between the owner of the fee and the owner of the building it is a tenant's fixture which may be removed, and thus give the petitioner a remedy to recover the damages she has suffered.

"The measure of recovery is determined in this case by the agreement of the parties." [Italics ours.]

Of course, the facts in the Sheehan case are not in any respect similar to those in the case at bar. In that case the tenant owned a valuable building upon the premises, the value of which was lessened by the grading of the street. The damages were agreed upon. The petition in the case at bar does not allege that any part of the improvements upon the land mentioned therein were placed thereon or owned by the plaintiff. It is unnecessary for us to go to the extent of saying that, in no case, has a tenant at will such an interest in the property as must be compensated for if taken. But clearly the petition, in the case at bar, discloses no such right in plaintiff, for the reasons already stated.

If plaintiff is suing for the loss of future or past profits by reason of the interference with his mining operations he cannot recover. While the evidence of profits is competent in some cases in determining the fair market value of the land, injury to a business is not an appropriation of property which must be paid for. [10 R.

C. L., pp. 145, 146; St. Louis v. Rd., supra, l. c. 701; Lewis on Eminent Domain, sec. 727 (3 Ed.).] While the petition at this stage of the proceedings must be liberally construed (Strauss v. Transit Co., supra), and, if plaintiff is entitled to any relief thereunder, the fact that the prayer for relief is inappropriate under the facts pleaded will not cause us to adjudge it insufficient. There is nothing disclosed in the petition showing a right of recovery in plaintiff.

The judgment is reversed. All concur.