## Gianfrancesco's Petition

*Samuel L. Clark*, for petitioner.
*William McElwee, Jr.*, county solicitor, for respondent.

BRAHAM, P. J., June 1, 1939.—Petitioner is a tenant at will under the Carbon Limestone Company of a tract of land in Mahoning Township, Lawrence County, Pa., which lies within the lines of highway route no. 444 as relocated. A portion of the land occupied by him has been taken in the relocation of the highway. Upon the presentation of his petition for viewers a rule was granted upon the county commissioners to show cause why the prayer should not be granted and an answer was filed denying that a tenant at will is such an owner as is entitled to ask for a board of viewers to determine the amount of his

injuries.. This is the sole point raised in the present proceeding.

At the outset it is advisable to advert briefly to certain general principles governing the functions of boards of view. The remedy by viewers is wholly statutory and the legislature may provide the terms and conditions upon which it may be exercised. A board of view is not a part of the judicial system nor are proceedings before a board of view necessary to the right of compensation for the taking of private properties as guaranteed by the Constitution. Proceedings before it are but a preliminary inquiry in certain cases to examine into matters of fact: Commonwealth ex rel. v. Cantrell et al., 327 Pa. 369. The proceeding where applicable is exclusive: Snively v. Washington Twp., 218 Pa. 249, 252. It is not every case of injury to private property by the exercise of the right of eminent domain which entitles the owner to the remedy of a hearing before a board of view. If not the type of case directed by the legislature to be submitted to a board of view it is "enforceable by common-law action on the case (Plan 166, 143 Pa. 414, 429; Shobert v. Bloomsburg, 74 Pa. Superior Ct. 246) since designated an action of trespass by the Act of May 25, 1887, P. L. 271": Locust Street Subway Case, 319 Pa. 161, 164.

The relevant legislation giving the right to proceedings before a board of view in case of the construction, reconstruction, or improvement of any State highway is the Act of May 31, 1911, P. L. 468, sec. 16, as amended by the Act of June 21, 1937, P. L. 1951, 36 PS §171. By various amendments it has been provided that the county commissioners shall undertake to secure an agreement between the party and the property owner claiming to be injured but retaining the right to present a petition for viewers in case no agreement satisfactory to the parties and the court can be arrived at. Where viewers must be resorted to it is provided that "The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assess-

ment of damages, as well as any benefits, for opening public highways." The statute regarding the appointment of viewers is the Act of June 13, 1836, P. L. 551, sec. 7, 36 PS §1782. It should be noted that all of the statutes above referred to grant the right of viewers only to "owner or owners".

Is petitioner who, according to the averments of his own petition, is only a tenant at will under "an oral agreement that he may continue to remain so long as he desires", an owner within the meaning of the statute. In 2 Sharswood's Blackstone's Commentaries p. 144, tenancies at will are defined as follows:

"The second species of estates not freehold are estates at *will*. An estate at will is where lands and tenements are let by one man to another, to have and to hold at the will of the lessor; and the tenant by force of this lease obtains possession. Such tenant hath no certain indefeasible estate, nothing that can be assigned by him to any other; because the lessor may determine his will, and put him out whenever he pleases. But every estate at will, is at the will of both parties, landlord and tenant; so that either of them may determine his will, and quit his connection with the other at his own pleasure. Yet this must be understood with some restriction. For if the tenant at will sows his land, and the landlord, before the corn is ripe, or before it is reaped, puts him out, yet the tenant shall have the emblements, and free ingress, egress, and regress, to cut and carry away the profits."

There are many cases holding that a tenant for years is an owner within the meaning of the viewer acts. We cite them from petitioner's brief: Brown et al. v. Powell, 25 Pa. 229; Turnpike Road v. Brosi, 22 Pa. 29; Witman et al. v. The City of Reading, 191 Pa. 134, 142; Philadelphia & Reading R. R. Co. v. Getz & Getz & Co., 113 Pa. 214.

But there is a clear difference between a tenancy for years and a tenancy at will. In a tenancy at will the

tenant is not entitled to possession and quiet enjoyment for any period however short. His landlord by a word may terminate his interest in the land. Thus when the landlord conveys the land or when the lands are taken by eminent domain it operates as a termination of the tenancy at will by the landlord: Lyons v. Philadelphia & Reading Ry. Co., 209 Pa. 550. In this latter case, a case of eminent domain at the suit of a railroad company, the court in a per curiam opinion at page 552 said as follows:

"Being tenants at will, the termination of the lessor's estate, even though by involuntary alienation under eminent domain determined the appellants' lease, and made them technically tenants at sufferance of the railroad company. The difference, however, is not practically of any importance. All they were entitled to in either case was notice and a reasonable time to remove their goods and fixtures. This they received, but failed to avail themselves of, and the learned judge below was justified in treating their conduct as an abandonment."

The view thus stated by the Pennsylvania Supreme Court is supported by cases from other jurisdictions cited in the brief of the county solicitor: Radican v. Hughes, 86 Conn. 536, 86 Atl. 220; Clapp v. City of Boston, 133 Mass. 367; Tate v. State Highway Comm., etc., 226 Mo. App. 1216, 49 S. W. (2d) 282.

Our conclusion after careful examination of the question is that petitioner being but a tenant at will, is not entitled to the appointment of a board of view. Consequently we make the following

### Order

Now, June 1, 1939, the rule granted upon respondent on March 4, 1939, is hereby discharged and the petition is dismissed at the cost of petitioner.