BLOUNT & BAKER v. WINRIGHT.

The act giving the action for a forcible detainer, contemplates a case in
which the plaintiff has been in lawful possession, and in which the
defendant, or those under whom he claims, have peaceably obtained
that possession, and hold over after a demand made in writing.

Appeal from the Court of Common Pleas of the county of
St. Louis.

*Opinion of the Court by Tompkins, Judge.*

Blount and Baker brought their action of forcible detainer

against Winright, before a justice of the peace, and obtained a judgment, from which Winright appealed to the court of common pleas. In that court judgment was again given against Winright. The court of common pleas then, on motion of Winright, dismissed the cause from the docket. The plaintiffs appealed to this court.

The facts of the case are as follows: The appellants, plaintiffs below, claimed possession of the premises in dispute by virtue of a deed made to them by certain persons to whom the disputed property had been conveyed in trust, to secure the payment of a certain debt, for which Winright had made and delivered his promissory note. Winright failing to pay this money when it became due, the trustees sold the land, and the appellants became the purchasers, and received from the trustees the deed under which they claim.

The question to be decided is this: had the justice of the peace jurisdiction of the cause, such being the facts on which the plaintiff's claim is founded?

The plaintiffs, to reverse the judgment of the court of common pleas, rely on the third section of the act concerning forcible entries and detainers, p. 278, of the digest of 1835, which reads thus: " When any person shall wilfully, and without force, hold over lands, tenements or hereditaments, or other possessions, after the termination of the time for which they were let to him, or the person under whom he claims, or shall *lawfully* and peaceably obtain possession, but shall hold over the same unlawfully and by force," &c.

The plaintiffs in this cause have sufficiently shown that Winright did not obtain possession of the premises either from themselves or from the makers of the deed under which they claim; on the contrary, the history of this cause shows him first in the lawful possession of the premises, and by his deed of trust agreeing to be dispossessed, should he not on a given day pay a certain sum of money. Whether Winright paid this money, or whether, if he did not pay it, the payee of the note prevented him from paying, and thereby excused him, are not questions to be decided by a justice of the peace. The act giving this action for a forcible de-

The act giving the action for a forcible de

MAY TERM, tainer, contemplates a case in which the plaintiff has once
1841.    been in lawful possession, and in which defendant, or those

Blount & Ba-  under whom he claims, have peaceably obtained that posses-
ker v.    sion, and hold over after a demand made in writing.   The
Winright.
court of common pleas, then, committed no error in dismiss-
tainer con-
templates  a ing the cause: for the justice having at first no jurisdiction,
case in which
the  plaintiff none could be communicated to the higher court by the
has once been appeal.
in lawful pos-
session,and in    The judgment is therefore affirmed.
which the de-
fendant, or those under whom he claims, have peaceably obtained that possession,
and hold over after a demand made in writing.