## HAMILTON vs. JEFFRIES.

1. In an action of forcible entry and detainer, if the affidavit and recognizance are defective the appellant has a right to file sufficient ones, within such time as will not delay the other party; and it is error for the circuit court to refuse to permit it to be done.

## APPEAL from Franklin Circuit Court.

### STATEMENT OF THE CASE.

Charles R. Jeffries commenced an action of unlawful detainer against Hamilton before one Short, a justice of the peace in Franklin county for the possession of a piece of land. On the trial before the justice, judgment was given for Jeffries within the statutory time, Hamilton applied to the justice for an appeal to the circuit court and filed his bond, &c., and the justice granted an appeal; at the return term of the appeal, a transcript not having been filed in time, the appellee moved the circuit court to dismiss the appeal, and therefore the appellee filed his petition for a rule upon the justice, setting forth frequent applications for a transcript, and failure and refusal of the justice to furnish; also collusion between the appellee and justice to prevent a hearing of the appeal in the circuit court, to which petition the justice filed his answer, and therefore court being satisfied of the merits of the appellant's complaint ordered the justice to file the transcript. Thereupon the papers filed showing there was no sufficient affidavit and bond filed upon taking the appeal, moved the court to dismiss the appeal. The appellant then produced before the hearing of the motion to dismiss a sufficient bond and affidavit as the second shows and proposed to file them, but the court refused to permit the bond and affidavit to be filed, and therefore dismissed the appeal, the appellant excepted and brings the suit to this court by appeal.

STEVENSON, for appellant, insists:

1st. The court should have permitted the appellant to file sufficient bond and affidavit at any time before trial.

2nd. That the court should not have dismissed the appeal on account of the insufficiency, informality or imperfection of the affidavit and bond before the justice, a sufficient bond and affidavit having been tendered before trial and so as not to delay the trial.

3rd. That the court did not err in refusing to affirm the judgment of the justice, the appellant having shown to the court good cause for his default.

Authorities—Rev. Stat. (Chan. Edition) page 279, secs. 27, 28, 29; Mo. Rep. vol. 8th page 498, Reim vs. Daugherty; Mo. Rep. vol. 7th page 572, Jamison vs. Yeats.

KENNETT, for respondent, insists:

1st. That the circuit court erred in overruling the motion to affirm the judgment of the justice, and permitting the transcript to be filed and the cause set for trial. Because it was the duty of the appellant to have filed the transcript and other papers on or before the return day of the appeal, and if he relied upon the promise of the justice of the peace or any other person to attend to it for him and was deceived by him, this will not excuse his failure, to

attend to it himself, and the plaintiff had a right to produce such transcript and papers and have the judgment of the justice affirmed: See statute of 1845, title forcible entry and detainer, article 2nd, sections 23 and 24, and the case of Keim vs. Daugherty, 8 Mo. Rep. 498 and 499.

2nd. That if the appellant had applied to the justice for the transcript and papers and the justice refused to deliver them to him, the circuit court would, on application for that purpose, have compelled the justice to return the papers, and the failure of appellant to make such application before the filing of the plaintiff's motion was such default on his part as to entitle plaintiff to have the judgment of the justice affirmed: See 34th section of the 2nd article of the act concerning forcible entry and detainer.

3rd. That if the justice did, on the return day of the appeal deceive the appellant by inducing him to believe that the transcript and papers had been returned, this will not excuse the negligence of the appellant, because it was his duty to have returned the papers himself and to have known that they were returned, and if he relied upon the statement of any other person who might tell him that they were returned, it was such negligence as would be fatal on his part.

4th. That the circuit court did not err in dismissing the appeal and refusing to permit the appellant to file his recognizance and affidavit. Because the affidavit and recognizance should have been filed with the justice before the return day of appeal: See statutes 1845, title forcible entry and detainer, article 20, sections 11 and 13, &c., and although the appellant may perfect his affidavit recognizance where there is any informality, insufficiency or imperfection in either, yet this provision can only apply to cases where there has been a defective affidavit or recognizance filed in the time required by law, and cannot apply to cases where there has been no affidavit filed in the time required by law; for it cannot be said that there is any informality, insufficiency or imperfection in any thing that does not exist: See statutes 1845, title forcible entry and detainer, article 2, sections 27, 29 and 30.

RYLAND, J., delivered the opinion of the court.

In the foregoing statement, the refusal of the court below to permit the appellant to perfect his appeal, by filing a sufficient affidavit and recognizance, is relied upon for the reversal of judgment below.

This is an action of forcible entry and detainer. The plaintiff, before the justice of the peace, obtained judgment; the defendant prayed an appeal to the circuit court. After the case was carried to the circuit court and the transcript filed, a motion was made to dismiss the appeal for want of a sufficient affidavit and recognizance. Before this motion was decided, the appellant moved for leave to file a sufficient affidavit and recognizance. The court refused the appellant's motion, but sustained the motion of the plaintiff and dismissed the appeal for want of affidavit and recognizance.

This action of the circuit court is erroneous, and for it the judgment must be reversed. The 29th and 30th sections of the statute concerning forcible entry and detainer; Digest of 1845, obviously regard the circuit courts as having the power to make orders to have the record and proceedings before the justice perfected in relation to appeals—to have a good and sufficient affidavit and recognizance made in the cir-

cuit court; and the 27th section declares, that no appeal shall be dismissed for any informality, insufficiency or imperfection in the affidavit or recognizance, if a sufficient affidavit or recognizance be filed within such time as shall not delay the other party.

It was once the practice for the circuit courts to dismiss appeals, where there was no affidavit or recognizance, or an insufficiency in either, or where there was a failure to give notice; but this practice has long since been abandoned. The statutes of the State require a different practice. The practice now is, to disregard any technical or even substantial objection, and to have the cause tried anew in the court to which the appeal is taken. Justice is greatly promoted by this last course of practice, and under the influence of such practice the court below should have permitted the appellant to file his sufficient affidavit and recognizance. The court did not err in permitting the transcript to be filed, of which the plaintiff below complained. But for the refusal to permit the appellant to file a sufficient affidavit and recognizance and for dismissing the appeal, the judgment below is reversed, and the cause remanded, the other judges concurring.