WOOD, Plaintiff in Error, v. DALTON, Defendant in Error.

1. To maintain an action of unlawful detainer it is necessary that the plaintiff should have once been in the lawful possession of the premises in controversy. A vendee can not maintain such an action against his vendor for a refusal to deliver up the premises sold at the time agreed upon.

*Error to St. Louis Land Court.*

*H. N. Hart,* for plaintiff in error.

I. The defendant acknowledged plaintiff as his landlord. The offer to pay rent is such an acknowledgment. The fact that plaintiff did not consider the sum offered a fair rent for the premises and therefore refused it, does not change the defendant's position as the tenant of the plaintiff. (See 26 Verm. 192; 17 Wend. 473; 10 Mctc. 298.)

*C. Gibson,* for defendant in error, cited Hatfield v. Wallace, 7 Mo. 113; Holland v. Reed, 11 Mo. 605.

RICHARDSON, Judge, delivered the opinion of the court.

This is a proceeding under the statute for unlawful detainer commenced the 24th April, 1856. It was proved that the defendant by deed, dated the first and acknowledged on the fifth day of January, 1856, conveyed the premises to the plaintiff, and at the time of the acknowledgment of the deed agreed to give possession on the first day of March following, but that he had continued in possession though duly notified and required, before suit, to surrender the premises. It was also shown that about the 1st of July, 1856, the defendant tendered to Darrah & Pomeroy, for the plaintiff, one hundred and fifty dollars, which he said he owed the plaintiff as rent for the premises, but they refused to accept it. The court instructed the jury that the plaintiff could not recover, as he had failed to show that he had ever been in possession of the property.

It has often been decided by this court that the act of 1845 concerning forcible entry and detainer, and similar statutes on the same subject that precede it, contemplate a case in which the plaintiff has once been in the lawful possession of the premises. (Blount & Baker v. Winright, 7 Mo. 50 ; Hatfield v. Wallace, id. 112 ; Holland v. Reed, 11 id. 605 ; Picot v. Masterson, 12 id. 308.) The 36th and 37th sections of the revised statutes of 1855 (R. C. 1855, p. 794) have introduced material changes in the law as it formerly existed, but they do not affect the question in this case, and do not permit the vendee to maintain this summary action against his vendor.

The evidence that the defendant tendered rent is competent to prove that he promised to pay it for the time he occupied the property, but it can not overcome the direct proof that the plaintiff was never in possession. The judgment is affirmed ; the other judges concurring.