James Nelson, Appellant, v. William Nelson *et al.*, Respondents.

Kansas City Court of Appeals, April 5, 1888.

Forcible Entry and Detainer — Construction of the Words "Other Possessions" in Section 2419, Revised Statutes. Under the provisions of section 2419, Revised Statutes (relating to forcible entry upon lands, tenements, or "other possessions"), no one can come within the danger of these statutes, by a violence offered to another in respect of a way, or such like easement. The rule is that no one can sustain an action of forcible entry and detainer, who was not, at the time of the dispossession, in the exclusive possession of the land. To this rule certain exceptions are recognized, but one in the mere use and enjoyment of a way or easement, without more, has no such possession as will enable him to maintain the action.

Appeal from Montgomery Circuit Court, Hon. E. M. Hughes, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

John M. Barker, for the appellant.

I. The court erred in overruling the plaintiff's motion asking that defendants' appeal to the circuit court be dismissed. The plaintiff was entitled to the protection granted him by section 2476, Revised Statutes, 1879, before the justice had any right to grant the appeal, and the bond taken under section 3042, was insufficient. The appeal was taken only by Wm. C. Nelson, and the appeal, so far as Martin Nelson and Virjane Nelson was concerned, ought to have been dismissed, even though Wm. C. Nelson's appeal was allowed to stand.

II. The court erred in giving and in refusing

instructions ; it was highly improper to suggest that the plaintiff was using the gate after his expulsion and while, the plaintiff was litigating this cause.

III. The court erred in rendering judgment for all three of the defendants, when only one of them had appealed. The court erred in refusing to enter judgment for plaintiff. The plaintiff's acquisition of the road held was obtained by the expenditure of labor, money, and improvements—in this case he became a purchaser for value. *Mayor v. Franklin*, 2 Am. Law Reg. [O. S.] 318. The plaintiff purchased the strip of ground, paid for it, it was severed from the defendants' farm and given over to the plaintiff as completely and absolutely as though it belonged to plaintiff.

IV. The theory that the possession of the land on which an easement may be attached is invariably in the possession of the owner of the fee, is not sustained by our Supreme Court. In the case of *Armstrong v. City*, 69 Mo. 309, Armstrong had the title to the land, and the city of St. Louis had the possession, and only as a street. This decision emphasizes the rule that presumptions must give way to facts to the contrary.

V. But, however this point may be decided, it is now insisted that the judgment ought to be reversed because the appeal bond was not in accordance with the statute, and because the court ought to have dismissed the appeal on account of the defective bond (on appellant declining to file a good bond), and because judgment was rendered in favor of parties who had not appealed. Had the bond been in accordance with law, it would have been proper to have allowed Wm. C. Nelson to proceed with his appeal alone, but not otherwise. For the reasons above assigned, this court is asked to reverse the judgment of the lower court.

J. D. BARNETT, for the respondents.

I. Plaintiff's motion to dismiss the appeal of defendants was properly overruled. The motion was too late. Plaintiff had recognized the validity of the

appeal, and made no objection during two terms of court. The bond filed by defendants under section 3042 substantially protects plaintiff to the same extent as a bond according to terms of section 2476, Revised Statutes. In any event plaintiff had in jeopardy but four cents adjudged in his favor by the justice. Such a motion filed on the eve of the trial, after all the expense and preparation had been made, is frivolously trifling with the court.

II. The appeal was taken by all the defendants. An inspection of the justice's transcript, the affidavit in appeal, and the appeal bond, shows conclusively that W. C. Nelson acted for all of his co-defendants in taking the appeal. After the appellee has appeared to the case generally in the circuit court it is too late to raise the question at the third trial term.

III. Plaintiff's evidence shows affirmatively that he was not in possession of the land in controversy. He claimed to have a perpetual roadway and right of passage over the land and nothing further. This is simply an easement of way. Possession cannot be predicated of an incorporeal hereditament.

IV. As plaintiff used the roadway after the obstruction and before the bringing of this suit and after that continuously up to the day of trial in the circuit court, upwards of a year, there can be no recovery in this action as there is no proof of any such detainer as the statute contemplates.

V. The only point in this case on which appellant can make a shadow of an argument is the defect in the appeal bond from the justice. It is a defect unquestionably, but not of a nature to injuriously affect the plaintiff. Had the motion been filed in time, no doubt the court would have required defendants to file a new bond. But being filed on the trial day, the court properly overruled it, and tried the case on its merits. To have done otherwise would have been straining at a gnat. The bond objected to protected plaintiff in every substantial right that he had. Possibly it did not, though I think it did

cover the judgment of the justice in plaintiff's favor for four cents. The docket of a trial court ought not to be disarranged on such a pretext.

HALL, J.—This was an action for forcible entry and detainer begun before a justice of the peace. The plaintiff had judgment against all the defendants for the recovery of the land, for two cents as damages, and for two cents as monthly rents and profits. From this judgment the defendants appealed to the circuit court, but the affidavit and bond for the appeal were made and executed by only one of them. The appeal bond was defective also in being made to conform to the requirements of section 3042, Revised Statutes, instead of section 2476. The transcript of the justice's record was filed in due time with the clerk of the circuit court. At the return term of the appeal the case was continued on plaintiff's application to the next succeeding term, and at such succeeding term the case was again continued on the plaintiff's application to the following term. At the last-named term the plaintiff filed a motion to dismiss the appeal on account of defects in the affidavit and bond for the appeal, which motion the court overruled. The case was proceeded with to trial, which resulted in a judgment for the defendants.

For no "informality, insufficiency, or imperfection in the affidavit or recognizance" should the court have dismissed the appeal, if the defendants had filed or offered to file a sufficient affidavit and recognizance. *Hamilton v. Jeffries*, 15 Mo. 618 ; Rev. Stat., sec. 2485. The defendants, however, did not offer to file a new affidavit or bond, and the court unconditionally denied the motion to dismiss the appeal. If we should reverse the judgment herein on account of the insufficiency of the affidavit or bond, we should have to remand the cause in order to permit the defendants to file a sufficient affidavit or bond, because we cannot, any more than could the circuit court have done, deprive the defendants of this right conferred by statute and recognized by

our Supreme Court. But if the judgment on the merits is for the right party, should we reverse the judgment and remand the cause on account of any such defect in the affidavit or bond? Clearly not; such course would answer no good purpose, since the same judgment would after all have to be entered in the case. The question, therefore, for our determination goes to the merits of the case.

The plaintiff introduced evidence tending to prove that in 1874 the defendant's ancestor, under contract with him, moved in the fence along his (the said ancestor's) land so as to throw outside of said ancestor's enclosure a certain described strip of ground, twenty feet wide, for the purpose of being used by the plaintiff as a private road, and that he did, from that day to the entry complained of, use the said strip of ground as a private road. The plaintiff had no actual possession of the strip of ground, but simply claimed it as his way or road. The circuit court held that, under such facts, the plaintiff could not maintain an action for the forcible entry by defendants upon such strip of ground.

Our statute (Rev. Stat., sec. 2419) is: "If any person shall enter upon or into any lands, tenements, or other possessions, with force or strong hand, or with weapons, or by breaking open the doors or windows, or other parts of a house, whether any person be in it or not, or by threatening to kill, maim, or beat the party in possession, or by such words or actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably, and then turning out by force, or frightening by threats or other circumstances of terror, the party out of possession, and detain and hold the same—in every such case, the person so offending shall be deemed guilty of a forcible entry and detainer, within the meaning of this chapter."

Is such an easement as the plaintiff claimed in the

strip of ground in suit included within the words, "or other possessions?" By an English statute a forcible entry was forbidden "into any lands or tenements or benefice of the holy church or other possessions." In construing the words, "or other possessions" of that statute it is said: "It seems clear, that no one can come within the danger of these statutes, by a violence offered to another in respect of a way, or such like easement." Woodfall's Land. & Ten. (1 Am. Ed.) 535. And so we say of the same words in our statute. The rule is, that no one can maintain an action of forcible entry and detainer who was not at the time of the dispossession in the exclusive possession of the land. *Jamison v. Graham*, 77 Ill. 94. To this rule certain exceptions are recognized. *McHose v. Ins. Co.*, 4 Mo. App. 514. But one, in the mere use and enjoyment of a way or an easement, without more, has no such possession as will enable him to maintain the action.

Judgment affirmed. All concur.