GUS ROCHESTER, Respondent, v. GATE CITY MINING COMPANY, Appellant.

Kansas City Court of Appeals, December 17, 1900.

1. **Forcible Entry and Detainer: POSSESSION.** To maintain forcible entry and detainer one must have had peaceable possession of the property when he was ousted and that possession must be real and not a mere sham.

2. ———: **MINES AND MINING: LICENSEE: POSSESSION.** A miner who enters a mining lot under mining rules, and is entitled to only a certain per cent of the minerals removed by him, is a mere licensee without possessory right and his occupancy is not such possession as will sustain forcible entry and detainer. Craig v. Donnelly, 28 Mo. App. 342, and like cases distinguished.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins* Judge.

REVERSED.

Rochester v. Gate City Mining Co.

*McReynolds & Halliburton* for appellant.

(1) The plaintiff Rochester was a licensee and had no such possession of the land in controversy as would authorize him and his co-plaintiffs to maintain this action. Rules 3 and 4, Mining Rules and Reg.; R. S. 1889, sec. 7034; Desloge v. Pearce, 38 Mo. 588; Lunsford v. Lead Co., 54 Mo. 426; Boone v. Stover, 66 Mo. 430; McHose v. Ins. Co., 4 Mo. App. 514; Nelson v. Nelson, 30 Mo. App. 184; Foundry & Machine Co. v. Cole, 130 Mo. 1, 7; Grubb v. Bayard, 9 Morrison City Mining Rep. 199; Johnstown Iron Co. v. Cambria Iron Co., 9 Morrison Mining Rep. 226. (2) Under the evidence in this case the court should have given the peremptory instruction to find for defendants. Chynowitch v. M. & S. Co., 74 Mo. 174; Garvey v. Gunther, 51 Mo. App. 545; Zinc Co. v. Freeman, 75 Mo. App. 524; Fisher v. During, 53 Mo. App. loc. cit. 553.

*Redding & Owen* for respondents.

(1) In actions of forcible entry and detainer it is not necessary to have an interest in the land to maintain the action, but peaceable possession and forcible entry alone are sufficient. Balch v. Myers, 65 Mo. App. 422; Craig v. Donnelly, 28 Mo. App. 342; Kings, Adm'r, v. Gas Light Co., 34 Mo. 34. And the same rule will apply to section 7034, Revised Statutes 1889. (2) Again, possession does not mean that the owner must stand upon his land constantly to keep off his intruders, or that he must keep his servants there. Warren v. Ritter, 11 Mo. 354; Willis v. Stevens, 24 Mo. App. 500. (3) Again, entry by force is not necessary. It is sufficient if entry be made upon plaintiff's lawful possession against his consent or will. Oakes v. Aldridge, 46 Mo. App. 11; Willis v. Stevens, 24 Mo. App. 500.

Rochester v. Gate City Mining Co.

ELLISON, J.—This is an action of forcible entry and detainer in which plaintiff prevailed in the trial court.

Defendant is a mining company and is a lessee from the owner of the land. The plaintiff was a miner and went upon a designated lot upon defendant's land to dig for mineral (lead and zinc). Plaintiff took with him some mining tools and had done work in his search for mineral. He went daily on to the land and prosecuted his work under what are sometimes designated as mining rules, which defendant had adopted and which are authorized by section 7034, Revised Statutes 1889. A disagreement between the parties came about, on account, as defendant claimed, of plaintiff's willfully violating the rules aforesaid and thereby forfeiting his right to go upon the land to prosecute his work. Defendant thereupon, without plaintiff's consent and against his will, went upon the particular lot upon which plaintiff was prosecuting his work and removed his derrick from the lot and his tools from the shaft. Plaintiff then begun this action.

In order to maintain forcible entry and detainer one must have had peaceable possession of the property when he was ousted. Nelson v. Nelson, 30 Mo. App. 184; Wood v. Dalton, 26 Mo. 581. And the possession must be real and not a mere sham. DeGraw v. Prior, 60 Mo. 56.

The question for decision is, did plaintiff have such possession of the land as will afford him ground upon which to base his action? We think he had not. He only claims to have had whatever possession his daily entry under the rules aforesaid gave to him. That was no possession at all. It was only an occupancy by license and plaintiff was a mere licensee with the possession in the mining company as lessee of the land. By going upon the lot under the rules, plaintiff voluntarily became a licensee occupant and not a possessor. He would not even own the mineral he might discover and dig. This

Vol 86 app—29

was reserved to the lessee who was to pay him a per cent of what was taken out. Zinc Co. v. Freeman, 75 Mo. App. 524. By entering under the rules he became, practically, an employee of the defendant company with an interest in the proceeds of his labor and a right to employment at the stated per cent of ore as compensation until he broke the rules.

Decisions of the supreme court and of this court, though not in cases of forcible entry and detainer, show the nature of plaintiff's possession. Chynowitch v. Granby M. Co., 74 Mo. 174; Lunsford v. Lead Co., 54 Mo. 426. In Boone v. Stover, 66 Mo. 430, it is said: "By a lease, the lessee obtains an estate in possession of the land and its products, in respect to which he can maintain ejectment; but, in a license or grant of an incorporeal hereditament the grantor does not divest himself of the possession, and the liberty of working a mine or mines on it is not inconsistent with the retention of possession by the grantor."

That case is affirmed in Foundry Co. v. Cole, 130 Mo. 1. Both those cases refer to Henley v. Wood, 2 B. & Ald. 736, in which it was held the miner was a mere licensee though his contract or conveyance gave him a right of property in the mineral which he "dug and got." The miner under the rules shown in this case has less interest than that, for as before observed, the miner does not become the owner of what he finds and digs. It remains the property of the proprietor. Under the rules shown in this case the license would be revocable at any time by the licensor, but for the inference of a continuous right in the miner so long as the requirements of the rules are kept by him. But a mere licensee without possessory right, and whose occupancy is based on that sort of license, has not such possession as will sustain an action of forcible entry and detainer. McHose v. Ins. Co., 4 Mo. App. 514.

But plaintiff insists that he is sustained in his right to

bring this action by a line of cases of which Craig v. Donnelly, 28 Mo. App. 342, is a type. We there held that a trespasser, or an agent or servant of the owner, might, in certain circumstances, have such possession as to maintain forcible entry and detainer for its disturbance. We do not question the correctness of that case. No difference how wrongfully, if one is *really* in adverse possession, whether he be denominated a trespasser, agent or servant, his possession is such as may be the foundation of an action of forcible entry and detainer. But if his claim to possession is based on facts which disclose that he has no possession, of course his claim fails. The only claim made by this plaintiff is on a state of facts which show he did not have possession.

We readily concede that a licensee could have such possession as would entitle him to this action when ousted with force. But a licensee who has no possession—whose license is merely to labor for the owner at certain compensation, is no more in possession than any other employee who goes daily on his employer's premises (keeping his tools there) to labor for him.

He makes no pretense of having been in adversely to defendant except as his daily entry to do work under the mining rules may be so considered. He claimed under the rules and not independent of them. If a trespasser moves into the possession of the owner's house, claiming possession adverse to the owner, and the owner forcibly dispossess him, the trespasser may maintain this action. But suppose the trespasser was a burglar who was only occupying while he stole, his claim to possession would be a sham and he could not maintain this action against the owner. So if the owner returns home and finds himself barred out by his domestic servant. Here, if a possession has in reality been set up, with intention of use and occupancy, and the owner forces it, the servant could have the action. But if the act of the servant was not, in reality, for

possession, but had some other object, say for fear of the owner, or in sport, etc., then the forcible entry of the owner would not give the servant this action. Such cases would be determined in accordance with the way in which the facts were believed to be.

The decision here made has nothing to do with the merits of the original controversy between the parties. If defendant was in the wrong it is answerable in damages. If its agents have violated the criminal statutes, they are a subject of proper punishment. The only question with us is whether plaintiff was in such position as to possession as gave him a legal right to maintain the action of forcible entry and detainer, and being of the opinion that he was not, we reverse the judgment. All concur.