J. R. LOWE et al., Respondents, v. AMERICAN ZINC, LEAD & SMELTING COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. **Forcible Entry and Detainer:** MINES AND MINING: EVIDENCE: RULES.   In an action by a miner against the mine owners, the mining rules authorized by the statute and contained in the register, which all miners were required to sign, are proper evidence showing the legal rights of the parties.

2. ————: ————: POSSESSION: LICENSE.   To sustain an action of forcible entry and detainer, the plaintiff must have had possession when he was ousted; and a miner mining on lots under the mining rules and regulations shown in the opinion is a mere license to go upon and mine the land, and has no sufficient possession to maintain forcible entry and detainer.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*Galen & A. E. Spencer* for appellant.

(1) The rules should have been admitted in evidence. Plaintiffs admitted their claims were under the rules and registrations, and therefore the rules bore directly on the issue of plaintiffs' possession, for they showed plaintiffs to be mere licensees, not holding possession, and therefore not able to maintain any action based upon their possession of the lots. Rochester v. Mining Co., 86 Mo. App. 442; Lunsford v. Lead Co., 54 Mo. 426; Boone v. Stover, 66 Mo. 430; Chynowitch v. M. & S. Co., 74 Mo. 173; McHose v. Ins. Co., 4 Mo. App. 514, 521; F. & M. Co. v. Cole, 130 Mo. 1; Zinc Co. v. Freeman, 75 Mo. App. 524.

*Frank L. Forlow* and *Howard Gray* for respondents.

(1.) The appellant was not entitled to offer in evidence the rules and registrations, for any purpose whatever, the title of plaintiffs to the lots in controversy was not involved in this cause.  (2) The only question, as we take it, in this kind of proceeding is, was the plaintiffs at the time the suit was brought in the peaceable possession of said lots, and did the defendant forcibly and against plaintiffs' will take the possession from them? And if they did, this action was properly brought under section 3320, Revised Statutes of 1899; Sitton v. Sapp, 62 Mo. App. 197; Scott v. Allenbaueh, 50 Mo. App. 130; R. S. 1899, sec. 3343; Fuhr v. Dean, 26 Mo. 119, and authorities there

cited; Shepard v. Drake, 61 Mo. App. 134, and p. 140 of the the opinion; Chynowitch v. Smelting Co., 74 Mo. 173; Tolbert v. Hendrick, 77 Mo. App. 272; Harris v. Turner, 46 Mo. 439. (3) The superior rights of the defendant could not justify it in ousting him by force. Kings Admr. v. Gaslight Co., 34 Mo. 34; Krevet v. Meyer, 24 Mo. 110; Beeler v. Cardwell, 29 Mo. 72.

ELLISON, J.—This is an action of forcible entry and detainer. The judgment in the trial court was for plaintiffs.

It appears that defendant is a mining company and that plaintiffs were mining on a certain part of defendant's land under certain mining rules and regulations which are authorized by section 7034, Revised Statutes 1889. After being engaged in mining for some period of time and having the necessary tools and appliances thereon for mining, plaintiffs ceased to work for the space of several months; but they say the cessation of work was by agreement with defendant. Defendant, however, claimed that plaintiffs had violated the rules aforesaid and had forfeited their right to further mine the premises. Defendant, thereupon, without the consent of plaintiffs and against their will, went upon the property and excluded plaintiffs therefrom. At the trial it was shown that plaintiffs signed the defendant's "Mining Register," containing the rules aforesaid, with the following statement:

*"Mining Lot No.* 24.

"We being acquainted with the mining rules recorded on page 75 of this register of rules, agree to abide by and conform to all the agreements therein contained.

"Witness our hands and seals this eleventh day of August, 1897.

"F. M. WOOD,   1-6.

Lowe v. American Smelting Co.

"THOS. HARD,    1-3.
"DICKERSON,     1-4.
"C. L. WRIGHT,  1-4.
"LOWE,          ——."

*"Mining Lot No. 25.*

"We, being acquainted with the mining rules recorded on page 75 of this register of rules, agree to conform to and abide by all the requirements therein contained.

"Witness our hands and seals this eleventh day of August, 1897.

"F. WOOD,      1-6.
"HARD,         1-3.
"DICKERSON,    1-4.
"WRIGHT        1-6.
"LOWE,         ——."

The defendant then offered the rules aforesaid and they were excluded by the court. They embodied substantially the following regulations: "No right, title or interest in any land, ores or minerals shall be acquired or owned by persons mining on any lot, and it is therefore expressly stipulated that all ores or minerals, whether they remain in the ground or be severed therefrom, shall remain in every event the absolute property of this company, and the only interest of the miner therein, shall be the price or value of the digging and mining said ores as set forth in rules 2 and 3. No use shall be made by any person of any lot except that of mining and prospecting thereon. No lot, or any part or interest therein, shall be sublet or assigned without the written consent of this company; and when such written consent be given, the person to whom the subletting, or sale, or assignment is made, shall forthwith register on the company's register, and subscribe to, and be governed and abide by these rules. They further provide for rate of royalty,

Lowe v. American Smelting Co.

require all ores to be weighed on company scales and to be turned in in name of and payment therefor to be made to the company. It is also provided that lots shall be forfeited when not mined or prospected for six consecutive days, unless written permission be granted for the layoff, and all notice to miners prior to forfeiture is waived and dispensed with, and that a small amount of work now and then, or tools or machinery left on lot will not hold the lot, and the lots are required to be worked in good faith, diligently and continuously, and in good, miner-like manner. Ore shall be cleaned on the land by the miner. No ores or other product of the land shall be removed without written permission of the company. The company reserves the right to regulate wash-places, piling of waste, etc., and to use any shaft for purpose of operating a pump therein, if desired, provide for keeping ditches open and fluming in good repair and that the breach of any conditions shall forfeit all the rights of the miner, without notice.

These rules should have been admitted. They disclosed that plaintiffs had no legal right to the present action.

In order to sustain an action of forcible entry and detainer, the plaintiff must have had possession of the property when he was ousted. Nelson v. Nelson, 30 Mo. App. 184; Wood v. Dalton, 26 Mo. 581; Rochester v. Gate City Mining Co., 86 Mo. App. 447. Plaintiffs were occupying the property under the rules aforesaid, and, as such, were mere licensees without such possession as would enable them to maintain forcible entry and detainer. The case is governed by Rochester v. Gate City Mining Co., supra. See, also: Lunsford v. La Motte Lead Co., 54 Mo. 426; Boone v. Stover, 66 Mo. 430; Chynowitch v. Granby M. & S. Co., 74 Mo. 173; McHose v. Ins. Co., 4 Mo. App. 514, 521; Springfield F. & M. Co. v. Cole, 130 Mo. 1; Empire Zinc Co. v. Freeman, 75 Mo. App. 524.

Lowe v. American Smelting Co.

From the argument for plaintiff it seems to be thought that the Rochester case deprives an innocent party of his property. There is no reason for such contention. That case and this, simply applies the law to agreements made between parties and their acts thereunder. That case and this, in keeping with authorities on that head, only decide (interpreting conceded facts) that a mere licensee, to go upon land to labor, has not sufficient possession upon which to base an action of forcible entry and detainer.

The judgment will be reversed. The other judges concur.