CONTINENTAL ZINC COMPANY et al., Respondents, v. AMSDEN, LEONARD & COMPANY, Appellants.

Kansas City Court of Appeals, June 3, 1907.

1. **APPELLATE PRACTICE: Conflicting Evidence: Verdict.** Where an issue on conflicting evidence is properly submitted to the jury the verdict concludes the appellate court.

2. **MINES AND MINING: Licensee: Possession.** A mining licensee is without possessory right and cannot maintain forcible entry and detainer or trespass and has no legal remedy for injuries to the possession.

3. **TRIAL PRACTICE: Parties: Demurrer: Pleading Over.** By pleading to the merits defendant waives everything in the petition except that it does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction over the subject matter; and after verdict if a petition states a cause of action for one plaintiff the judgment is supported by the pleadings, although the other plaintiff has no cause of action.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*Thomas Dolan* for appellants.

(1) The Glendale Mining Company was not entitled to recover and the verdict should have been in favor of defendants and against the Glendale Mining Company, because under the evidence there is nothing to show that the Glendale Mining Company would have mined the ore that was mined by the defendants during the life of their license and under the rule laid down in such cases the licensee cannot recover in trespass. Arnold v. Bennett, 92 Mo. App. 156; Lytle v. James, 98 Mo. App. 156; Rochester v. Mining Co., 86 Mo. App. 447; Lowe v. Smelting Co., 89 Mo. App. 680; Holiday-Klotz Co. v. Markham, 96 Mo. App. 51. (2) Besides,

the injury, if any, in the case at bar was a permanent one to the freehold and only the landlord can sue even though the tenant be in possession. Cramer v. Grossclose, 53 Mo. App. 648. (3) The Continental Zinc Company was not entitled to a judgment because, while it was the owner of the land and could maintain this action on account of a trespass of the defendant on its ground when over the line of the lots whereon they had a license to mine, yet having through its superintendent invited the defendants to continue in the course they did which led to their crossing the line of lot, the defendants by following this advice and invitation could not be guilty of trespass.

*A. E. Spencer* for respondents.

(1) If plaintiff, Glendale Mining Company, was not a necessary or proper party, this fact appeared upon the face of the petition. Defendants therefore demurred to the petition on that ground. The court overruled the demurrer. Defendants did not except to the ruling, nor did they preserve any exceptions by proper bill, but answered over, and thereby waived any error in the said ruling of the trial court. A demurrer on the ground of the joinder of an unnecessary party plaintiff is waived by pleading over. Holliday v. Jackson, 21 Mo. App. 660; Haughey, etc., Co. v. Joyce, 41 Mo. App. 565; Paddock v. Somes, 102 Mo. 235; Ware v. Johnson, 55 Mo. 500; Strauss v. Transit Co., 102 Mo. App. 644; Estes v. Shoe Co., 155 Mo. 577; R. S. 1899, secs. 598, 602. (2) Defendants offered some evidence that at one time during the trespass (which extended over several months) the then superintendent of Continental Zinc Company was in defendants' mill, and told defendant he thought they were all right, on their own ground, and to go ahead. There was a conflict of evidence on this question. Plaintiff contends that this

was no defense to the trespass. Pearson v. Inlow, 20 Mo. 322, 64 Am. Dec. 189. (3) Under the evidence the defendants were clearly guilty of the trespass charged. They do not claim an excessive verdict. There was no error in the case affecting the rights of defendants and the judgment should be affirmed. R. S. 1899, secs. 659, 865.

BROADDUS, P. J.—This is an action for trespass, to recover damages for the removal by defendants of lead and zinc ores from the plaintiffs' lands.

The Continental Zinc Company is the owner in fee of a tract of mining land near Joplin, Missouri; the Glendale Mining Company is one of its licensees, with a contract to mine for lead in certain lots including lot 11, upon which it is alleged defendants committed the trespass complained of. The defendants were also engaged in mining on certain lots, one of which adjoined said lot 11. The defendants and the Glendale Mining Company were operating under like contracts with the Continental Zinc Company and paying the same rate of royalty. The defendants in mining followed a drift of ores beyond the limit of their lot and within the lines of said lot 11.

The evidence shows that the trespass was not wilful, but that the mining done by defendants on lot 11 was under the supposition that they were within the limits of their own lot. And there is evidence tending to show that the superintendent of the Continental Zinc Company, whose duty it was to superintend all the mining on his company's property, told the defendants to continue the mining after they had got within the lines of lot 11. But there was a dispute as to that matter which was by instruction left to the jury, and, as the verdict was for the plaintiffs, that question is concluded so far as we are concerned, although much of defendant's argument for a reversal of the cause is based upon

the claim that the mining complained of was with the consent of said superintendent.

As the plaintiff, the Glendale Mining Company, was merely a licensee, defendant claims that it was not a necessary party to the proceeding. The decisions of this State are to the effect that "A mining licensee is without possessory right and cannot maintain forcible entry and detainer or trespass, and in short, is without any legal remedy whatever for injuries to the possession." [Lytle v. James, 98 Mo. App. 337; Lowe v. American Zinc Co., 89 Mo. App. 680; Rochester v. Gate City Mining Co., 86 Mo. App. 447.]

The defendants demurred to the petition for the reason that the said Glendale Mining Company was not a necessary party to said suit, which was overruled by the court. The defendants did not elect to stand on their demurrer, but answered to the merits of the action, thereby waiving any error of the court in that respect. [Estes v. Desnoyers Shoe Co., 155 Mo. 577.] "By pleading to the merits a defendant waives every thing in the petition, except that it does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction over the subject-matter of the action." [Paddock v. Somes, 102 Mo. 226; Strauss v. St. Louis Transit Co., 102 Mo. App. 644.] As the petition stated a cause of action as to the Continental Zinc Company, the owner of the mine, the judgment is supported by the pleadings.

Finding no error in the record, the cause is affirmed. All concur.