Mrs. Ethel Mae **HARTER**, Respondent,

v.

James L. **LINDSAY** and Mrs. James L. Lindsay, Appellants.

No. 22155.

Kansas City Court of Appeals.

Missouri.

May 10, 1955.

Rufus Burrus, Independence, for appellants.

Barnett & Skeer, Kansas City, for respondent.

BOUR, Commissioner.

This is an action in unlawful detainer for the possession of certain premises described in the complaint, and for damages in the sum of $500, brought by plaintiff in a magistrate court of Jackson County. After a trial before the magistrate, and on February 7, 1952, judgment was rendered in favor of plaintiff and against both defendants for restitution of the property, for $400 damages and double rent until restitution, and for costs. On February 11, 1952, defendants filed a notice of appeal; and on the same day a transcript of the record and proceedings in the magistrate court, together with all other papers in the cause, was filed in the circuit court. It appears, however, that no appeal bond was filed in the magistrate court. On February 23, 1952, and more than ten days after the rendition and entry of the judgment in the magistrate court, plaintiff filed in the circuit court a motion to dismiss the "attempted appeal" for failure to file an appeal bond within ten days after the rendition of the judgment, citing Sections 534.400 and 534.-

420 RSMo 1949, V.A.M.S. Thereafter, and on March 28, 1952, defendants filed a bond in the circuit court, which bond was "duly examined and approved by the court". After approving the bond, the court overruled plaintiff's motion to dismiss the appeal.

On December 2, 1953, plaintiff filed another motion to dismiss the appeal for failure to file a bond within ten days after the judgment was rendered in the magistrate court. In this motion plaintiff stated that when her first motion was overruled on March 28, 1952, there was no reported case directly in point; but that after her previous motion was overruled, this court, in the case of Cusack v. Green, 252 S.W.2d 633, held "that an appeal from the magistrate court in a forcible entry or unlawful detainer case should be dismissed if no bond was given by appellant within the time provided by statute". On December 16, 1953, defendants filed a "Motion to Set Aside Judgment of Magistrate". For reasons which appear below, it is unnecessary to set forth the allegations in defendants' motion.

On April 5, 1954, the circuit court overruled defendants' motion "for lack of jurisdiction" and sustained plaintiff's motion to dismiss the appeal. Defendants state in their notice of appeal that they appeal to this court from the order of dismissal and from the order overruling their motion to set aside the judgment rendered by the magistrate. They contend here that the court erred in dismissing the appeal and in overruling their motion.

The statutes governing actions in forcible entry and unlawful detainer constitute an exclusive and special code. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S.W. 2d 349, 351; State ex rel. Kelly v. Trimble, 297 Mo. 104, 118, 247 S.W. 187, 1009. They are set forth in Chapter 534 RSMo 1949, V.A.M.S. Section 534.390 of Chapter 534 provides that any party aggrieved by the judgment of a magistrate in any case of forcible entry and detainer, or unlawful detainer, except a judgment of nonsuit, may appeal therefrom to the circuit court. Section 534.400 reads: "No appeal shall be

allowed in any case, unless notice thereof be filed by the appellant, his agent or attorney, as in other civil cases before magistrates, and sufficient recognizance be filed *with the magistrate within ten days after the rendition of the judgment.*" (Emphasis ours.) Section 534.420 provides that when the defendant is the appellant, "he, or some responsible person for him, with one or more sureties, *to be approved by the magistrate,* shall enter into a recognizance to the complainant," in a sum sufficient to secure the payment of all damages, rents, profits, and costs that may be adjudged against the appellant, conditioned that the appellant will prosecute his appeal with effect and without delay; that he will not commit, or suffer to be committed, any waste or damage on the premises, and that he will abide the final judgment in the case. (Emphasis ours.) Section 534.440 provides a form for such a bond.

Section 534.490 reads: "No cause removed into the circuit court by appeal shall be dismissed for any informality, insufficiency or imperfection in the notice or recognizance, if a sufficient notice or recognizance be filed within such time as shall not delay the other party." Section 534.550 provides that the circuit court on appeal "shall proceed to hear, try and determine the same (cause) anew, as if it had originated in such court, without regarding any error, defect or informality in the proceedings of the magistrate." Section 534.500 authorizes the circuit court, when it appears that the amount or security in a recognizance is insufficient or for any other substantial defect, to order a new recognizance to be filed within such time as shall not delay the trial.

In support of their contention that the court erred in sustaining plaintiff's motion to dismiss the appeal, defendants cite Hamilton v. Jeffries, 15 Mo. 617, an action in unlawful detainer, brought by Jeffries against Hamilton before a justice of the peace who rendered judgment for Jeffries. It appears from the opinion in that case that "Hamilton applied to the justice for an appeal to the Circuit Court and filed his bond, etc., and the justice granted an

appeal"; that in the circuit court, Jeffries filed a motion to dismiss the appeal "for want of a sufficient affidavit and recognizance"; that "before this notice (sic) was decided the appellant moved for leave to file a sufficient affidavit and recognizance"; and that the court refused the appellant's motion and dismissed the appeal. In holding that the court erred in refusing to permit the appellant to file "a sufficient affidavit and recognizance" and in dismissing the appeal, the Supreme Court pointed out that "the 27th section (Digest of 1845) declares, that no appeal shall be dismissed for any informality, insufficiency or imperfection in the affidavit or recognizance, if a sufficient affidavit or recognizance be filed within such time as shall not delay the other party". Compare Section 534.490, supra. It is evident that the Hamilton case does not support defendants' position. The appellant, Hamilton, did file a bond in the justice court, but it was "insufficient". There was no contention that the bond was not filed within the time allowed by law.

Plaintiff cites the case of Cusack v. Green, Mo.App., 252 S.W.2d 633, where the defendants in a forcible entry and detainer case attempted to appeal from a judgment for restitution and costs. No appeal bond was filed in the magistrate court. In the circuit court the plaintiff filed a motion to dismiss the appeal for failure to file an appeal bond, and the motion was sustained. Defendants appealed to this court from the order dismissing the appeal. After referring to Sections 534.400 and 534.420, and other sections of Chapter 534 RSMo 1949, V.A.M.S., this court held that the defendants' failure to file a bond was ample ground for sustaining the plaintiff's motion to dismiss the appeal, even though the judgment was only for possession and costs. In so holding, this court said, 252 S.W.2d at page 634: "In affording the defendant a right of appeal in cases of forcible entry and unlawful detainer, the statutes prescribe the requirements therefor, an essential one of which is that he furnish an appeal bond of the nature and in the general form provided. This is not a case of informality, insufficiency or imperfection,

but a failure to furnish any appeal bond at all. This was ample ground for dismissal of the appeal by the circuit court." Defendants say that in the Cusack case "no bond was filed in the magistrate court and none was offered or filed in the circuit court," whereas in the case at bar "a bond was filed in the circuit court and was approved by that court". This is true, but it does not follow, as defendants seem to argue, that the circuit court erred in sustaining plaintiff's motion to dismiss the appeal.

Plaintiff also cites the case of State ex rel. Mode O'Day Frock Shops of Hollywood, Inc., v. Holt, Mo.App., 260 S.W.2d 345, which arose out of an action in unlawful detainer. The plaintiff in that action recovered a judgment for $1,000 and double rent. This judgment was entered on March 12, 1952, and on the same day the defendant, Mode O'Day Frock Shops, appealed to the circuit court and entered into the required recognizance. On the day following, the plaintiff filed a notice of appeal but filed no bond as provided by Section 534.410 RSMo 1949, V.A.M.S. Thereafter the defendant dismissed its appeal. The court then continued the case to permit the plaintiff to file a bond and ordered that the cause proceed to trial thereafter. At this point the St. Louis Court of Appeals issued its provisional rule in prohibition upon the petition of Mode O'Day Frock Shops against the circuit judge. After referring to Sections 534.400, 534.410, 534.430, and 534.500, the court said, 260 S.W.2d at page 346:

"It appears therefore that the complainant failed to comply with an essential step provided by the statute and in effect had taken no appeal. The respondent here cites us to Hamilton v. Jeffries, 15 Mo. 617, and Nelson v. Nelson, 30 Mo.App. 184, in seeking to establish the court's right to order the filing of a bond. Both of these cases deal with a defective attempt by appellants to comply with the statute and are no authority for the proposition that the court may order a bond filed where none had been filed.

"After the defendant below, the relator here, had dismissed its appeal there was nothing before the circuit court for the attempted appeal of the complainant was a nullity. There was nothing further for the circuit court to do but to certify the dismissal to the magistrate in conformity with the statute and any other orders were in excess of its jurisdiction." The provisional rule was made absolute.

■ As stated, Section 534.400 provides that no appeal shall be allowed in any case, unless notice thereof and sufficient recognizance be filed *with the magistrate within ten days after the rendition of the judgment*. Section 534.420 provides that when the defendant is the appellant, the defendant, or some responsible person for him, with one or more sureties, *to be approved by the magistrate*, shall enter into a recognizance to the complainant, etc. It thus clearly appears that the appeal bond must be filed with the magistrate and within ten days after the rendition of the judgment. The defendants herein having failed to comply with the statute, the circuit court acquired no jurisdiction of the cause. The action of the court in sustaining plaintiff's motion to dismiss the appeal was proper.

■ We cannot consider defendants' contention that the court erred in overruling their motion to set aside the judgment of the magistrate, for the court was without jurisdiction to entertain the motion. As heretofore stated, the record shows that the court overruled defendants' motion "for lack of jurisdiction".

The judgment of dismissal should be affirmed.

SPERRY, C., not participating.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment of dismissal is affirmed.

All concur.